(33 App. Div. 42.)

ATKINS v. JUDSON et al.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

1. MORTGAGES—FORECLOSURE—SALE—PURCHASE BY TRUSTEES FOR BONDHOLD-ERS—FRAUD.

The sale of a street railway in the hands of a receiver, at an inade-quate price, in foreclosure proceedings, under an agreement of the re-ceiver and the mortgage trustee with the purchaser that the sale is to be conducted secretly and competitive bidding discouraged, and that the parties to the agreement are to organize a new corporation, in which they are to be stockholders and bondholders, will be set aside, since trustees are not permitted to purchase the trust property for their own benefit.

2. SAME—TEMPORARY RECEIVERS—FIDUCIARY RELATION.

Under Code Civ. Proc. § 1788, which imposes on a temporary receiver for a corporation the duty of preserving its property, such receiver occu-pies a fiduciary relation.

Appeal from special term, New York county.

Suit by Littleberry C. Atkins against Edward B. Judson, Jr., and W. Judson Smith, as receivers of the Syracuse Street-Railroad Company, and others. From a judgment sustaining demurrers to the complaint, and dismissing same, plaintiff appeals. Judgment reversed and demurrers overruled, with costs, with leave to de-fendants to withdraw demurrers and answer.

On the 1st day of January, 1894, the defendant the Syracuse Street-Railroad Company issued a series of bonds, 1,700 in number, and of the par value of $1,000 each. To secure these bonds the railroad company at the same time executed a mortgage upon property worth about $400,000 to the defendant the State Trust Company of New York, as trustee for the bondholders. Thereafter, and in March, 1896, this mortgage was foreclosed, and the de-fendants Edward B. Judson, Jr., and W. Judson Smith were duly appointed receivers of the railroad company; the decree of foreclosure being entered on the 29th day of July of that year. On the 27th day of August following, the property covered by the mortgage was sold in pursuance of the decree of foreclosure, and was purchased by the defendant Strauss, for the benefit of his co-defendants, for the sum of $350,000; and this suit is brought by the plaintiff, as the assignee of one Baker, who was the holder and owner of eight of the bonds secured by the mortgage, to have such sale set aside and de-clared null and void for reasons which are alleged in the complaint, and which will be referred to later on. Separate demurrers to the complaint were inter-posed by the various defendants, and from the judgment sustaining the same this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James Harold Warner, for appellant.

Herbert Barry, for respondents.

ADAMS, J. If it is not so expressly alleged in the complaint, the facts which are alleged make it perfectly apparent that the foreclosure sale which the plaintiff seeks to have vacated was but one step in a plan which had been perfected by certain interested parties for the reorganization and consolidation of the street railroads in the city of Syracuse. While the object which these parties had in view may have been a perfectly proper and legitimate one, the question with which we are concerned upon this review is whether the means resorted to to attain that object, as the same are set forth in the complaint, were such as can be upheld by a court of equity; in short, whether the facts stated in the plaintiff's complaint constitute a cause of action. It is, of course, a well-settled rule of pleading that, when a complaint is challenged for insufficiency, every allegation which it contains, whether the same be expressly or only impliedly or argumentatively averred, must be assumed to be true. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720. And, with this rule in mind, we are persuaded that several facts are either stated in the plaintiff's complaint, or are deducible therefrom by reasonable and fair intendment, which are of such a character as to require the defendants to answer. The theory of the plaintiff's cause of action is that the defendants have been guilty of certain unlawful acts, which were intended by them to have, and did have, the effect to injure and impair the security which the plaintiff, or his assignor, as a bondholder, derived from the mortgage to the trust company, and to reduce the value of his bonds from $8,000 to $600; and these acts, although not so expressly charged, seem to partake somewhat of the nature of a conspiracy. For instance, in the fourth count of the complaint it is averred: That the defendants aided the purchaser, Strauss, in injuring and damaging the lien and interest of the plaintiff's assignor in the trust mortgage, and in purchasing the property covered thereby at the foreclosure sale. That in so doing they "acted together and in concert." That they entered into an agreement that certain stockholders of the Syracuse Street-Railroad Company should petition the supreme court for a voluntary dissolution of that corporation on the ground of insolvency, and for an order restraining creditors from bringing actions against the company, and from the prosecution of actions already begun against it; that, after the appointment of the defendants Judson and Smith as receivers, the State Trust Company should immediately bring an action to foreclose its mortgage, making such receivers parties defendant; that the receivers should not interpose as a defense the fact that the action was brought with the intention and for the purpose of

injuring and damaging the lien and interest of the plaintiff's assignor in the mortgaged property, and of procuring such property to be distributed among the parties to the agreement, discharged of the lien and interest of the plaintiff's assignor therein, and, to that end, "that each of the said persons should refrain from bidding, and should endeavor to induce others to refrain from bidding, at the sale of the said property; that the said Frederick Strauss should bid for the property, and the other persons in the said agreement should not compete with the said Frederick Strauss in his bidding for the said property, and should endeavor to induce others not to compete with the said Frederick Strauss in bidding for the said property, and that the said Frederick Strauss should buy the said property for the benefit of the other persons in the said agreement; that the said State Trust Company of New York should conduct the foreclosure sale as secretly as possible, and should advertise the sale in such a manner as to create the least possible publicity, consistent with observing the requirements of the law; that a new corporation should be formed, of which the parties to the said agreement should become bondholders and stockholders; and that the interest in the said property should be distributed among the said persons in the said agreement." These allegations are followed by the averment that the agreement above referred to was entered into with the intent of injuring and damaging the lien and interest of the plaintiff's assignor in the mortgage in question, and in the fifth count it is alleged that the agreement was fully carried out; that the mortgage was foreclosed, a judgment entered, and a sale thereon had; that the parties to the agreement not only refrained from bidding at the sale, but endeavored to induce others to do likewise, in consequence of which the defendant Strauss was enabled to purchase the property for about one-tenth of its value, and the plaintiff's interest and security became correspondingly impaired. We have then a pleading which contains, by way of averment, these three distinct elements: (1) Acts done in pursuance of an illegal agreement, to which these defendants were parties; (2) an intent to injure the plaintiff or his assignor thereby; and (3) damage resulting therefrom. These elements, we are of the opinion, do constitute a cause of action, provided the agreement upon which it mainly rests was one which the parties had no legal right to enter into.

As has been suggested, the acts complained of were doubtless in furtherance of a scheme for the reorganization of the Syracuse Street-Railroad Company, or, for its consolidation with other companies; and it is alleged in the complaint that it was part of the agreement between the defendants that a new corporation should be formed, of which the defendants should become either bondholders or stockholders. The object which the defendants had in view, therefore, was not one which was inherently wrong. Reorganization and consolidation of business enterprises, which have proved unsuccessful, upon more satisfactory and remunerative bases, are everyday occurrences, and, when properly conducted, are to be commended. Nor can it be said that the agreement set out in the complaint, even if it be conceded that it was entered into by the defendants with the design to obtain

some advantage of the bondholders, and that it was successfully carried into effect, would furnish any basis for a cause of action, if the parties thereto had not sustained any fiduciary relation to the persons injured thereby. For, although not to be approved of from an ethical point of view, it certainly was not illegal for the defendants, as individuals, to agree that one of their number should purchase the mortgaged property for as little as possible; that the others should refrain from competition, and in consideration thereof should share in the results. But it appears that at least two of the defendants were trustees, which fact was well known to the other defendants, and was doubtless a most potent factor in inducing them to enter into the agreement; for, had not the trust company been in a position to foreclose its mortgage, and the receivers of the railroad in a position to facilitate its foreclosure, in accordance with the terms of the agreement, there would probably have been no agreement made. We have, then, as admitted facts in the case, a trustee of a mortgage, upon whom rested the duty of protecting the interests of the bondholders for whose benefit the trust mortgage was executed (Shaw v. Railroad Co., 100 U. S. 605), and two receivers, who were obligated to preserve the property of their cestui que trust, entering into an agreement with third parties to sell to one of them the property secretly, and for an inadequate consideration, thereby securing to themselves the benefit of a sale thus conducted at the expense of the parties towards whom they occupied a fiduciary relation. This, it seems to us, is something which a court of equity ought not to tolerate; for it is a well-settled rule that a trustee will not be allowed to purchase for his own benefit property connected with, or forming a part of the subject-matter of, his trust, or in his possession and control as trustee. High, Rec. (3d Ed.) § 193; Devoue v. Fanning, 2 Johns. Ch. 252; Jewett v. Miller, 10 N. Y. 402. In the case last cited it was said that this rule cannot be stated too broadly or too strongly, for equity "will not permit a trustee to subject himself to the temptation which arises out of the conflict between the interest of a purchaser and the duty of a trustee." In the present case, as in the one from which the language above quoted is taken, it was the duty of the receivers and trustee to make the mortgaged property bring the largest possible price; but, as purchasers, their individual interests came at once into direct conflict with their official duty, and there was not only the temptation to sacrifice duty to self-interest, but it is charged in the complaint, and admitted by the demurrers, that this temptation was yielded to. If, then, the defendants have violated this salutary rule, and have done so in a manner which falls but little, if any, short of a conspiracy, and if the plaintiff has suffered injury in consequence thereof, it would seem as though he were in a position to invoke the aid of a court of equity. But it is insisted by the defendants that the case is not within the general rule, because the defendants Judson and Smith were only temporary receivers; and to support this contention the case of Herring v. Railroad Co., 105 N. Y. 340, 12 N. E. 763, is cited. That case is simply authority for the proposition that a temporary receiver, appointed in an action brought prior to the passage of the Code of Civil Procedure was not a necessary party to a foreclosure suit, because,

under the Revised Statutes, he was not vested with title to the property of the corporation.    It is doubtless true that a receiver of a corporation, appointed pendente lite, does not possess all the powers of a permanent receiver; but nevertheless he is just as much the representative of both creditors and shareholders as though his appointment was invested with the quality of permanency.    High, Rec. (3d Ed.) § 314; Gillett v. Moody, 3 N. Y. 479; Attorney General v. Insurance Co., 77 N. Y. 273.    Among the duties now imposed upon him is that of receiving and preserving the property of the corporation (Code Civ. Proc. § 1788), and his relation to the parties whom he represents is so highly fiducial as to require of him the exercise of the utmost good faith in all his dealings.    In the case of Alven v. Bond, decided by the Irish court of chancery (Flan. & K. 196), a receiver was appointed pending the action, which was for the foreclosure of a mortgage.    Upon the sale under the decree a third party purchased a portion of the mortgaged premises for the receiver, and the sale was set aside for the reason that it was virtually a purchase by the receiver for his own benefit.    It is contended by the learned counsel for the respondents that this case is in conflict with the decision of the courts of this country; and the principal case cited in support of this contention is Allen v. Gillette, 127 U. S. 589, 8 Sup. Ct. 1331, which holds that a trustee may purchase trust property at a judicial sale, brought about by a third party, which he had no part in procuring, and over which he had no control.    It will be seen at a glance that the principle thus enunciated has no application here, for the reason that the plaintiff bases his right of action mainly upon the allegation that the receivers were parties to a scheme by which the sale was brought about in the manner and under the circumstances detailed in the complaint.

The questions involved in this appeal have been considered, as it was said at the outset they would be, upon the assumption that every allegation of the complaint, and every fact which may be reasonably and fairly inferred therefrom, is conceded by the defendants to be true.    Of course, when these allegations and facts are traversed by an answer, the situation will be entirely changed; but, as the case now presents itself, we are constrained to hold that the demurrers cannot be sustained.

Interlocutory judgment reversed, and demurrers overruled, with costs, but with leave to the defendants to withdraw their demurrers and answer upon payment of the costs of the appeal, and of the trial of the issue of law.    All concur.