CHANDLER ELLSWORTH, Respondent, *v.* THE FRANKLIN COUNTY AGRICULTURAL SOCIETY, Appellant.

*Demurrer — what is admitted thereby — complaint liberally construed in favor of the pleader — liability of a corporation for negligence and for a failure to employ competent agents.*

A demurrer to a complaint admits every allegation of fact contained therein, whether such allegation be expressly or only impliedly or argumentatively averred.

The complaint should be liberally construed in favor of the pleader, and if the allegations requisite to constitute a cause of action can be fairly gathered therefrom, it will be good as against the demurrer, even though it be indefinite; in which case the remedy is by a motion to make it more definite and certain.

A corporation, whether a membership or stock corporation, is liable for its own acts of negligence, including the failure to perform the duty which is incumbent upon it to exercise reasonable care to employ competent and skillful agents, employees and contractors to perform its various services.

APPEAL by the defendant, The Franklin County Agricultural Society, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 3d day of March, 1904, upon the decision of the court, rendered after a trial at the St. Lawrence Special Term, overruling the defendant's demurrer to the amended complaint, and also from an order entered in said clerk's office on the 29th day of February, 1904, directing the entry of the said interlocutory judgment.

*Frederick G. Paddock*, for the appellant.

*Benjamin L. Wells*, for the respondent.

Interlocutory judgment affirmed, with costs, upon memorandum of court below, with usual leave to plead upon payment of costs of demurrer and this appeal.

All concurred.

The following is the memorandum of KELLOGG, J.:

KELLOGG, J.:

The demurrer admits every allegation of fact contained in the complaint or fairly inferable from the facts alleged, and a pleading

is to be liberally construed in favor of the pleader. (*National Contracting Co.* v. *H. R. W. P. Co.*, 170 N. Y. 439.) In that case a demurrer was overruled because, the contract not being set forth in full in the answer, the court was unable to determine whether the agreement to arbitrate differences under it was valid or invalid, say. ing that could only be determined upon the trial when the whole contract was produced and evidence in. If the requisite allegations can be fairly gathered from the pleading it is good on demurrer. If the pleading is indefinite, the remedy is a motion to make more definite and certain. (*Marie* v. *Garrison*, 83 N. Y. 14.)

The demurrer admits every allegation, whether the same be expressly or only impliedly or argumentatively averred. (*Atkins* v. *Judson*, 33 App. Div. 42.)

It may be questioned whether Kennedy is such a servant of the defendant as to make it liable for his negligent acts. (*Howard* v. *Ludwig*, 171 N. Y. 507.)

It is not necessary to consider to what extent the rule *respondeat superior* applies to an agricultural fair association, so as to make it liable for the negligence of its employees, as the complaint does not show whether the defendant is or is not a stock corporation. It cannot fairly be disputed that a corporation (whether a membership or stock corporation) is liable for its own acts, and one of its duties is to exercise reasonable care to employ competent and skillful agents, employees and contractors to perform its various services. The complaint, liberally construed for the pleader, certainly alleges the incompetence and the recklessness of Kennedy and the injury resulting therefrom, and that the defendant was negligent in performing the duty it owed to select competent employees, and negligently employed this reckless and careless man. The pleader is not alleging conclusions claimed to follow from other allegations, but seeks to add a new ground of liability, giving to his complaint a double aspect.

*First.* A liability for Kennedy's alleged negligence under the rule *respondeat superior*.

*Second.* The violation of the master's duty to use reasonable care in employing agents and servants, thus seeking to recover even though the rule *respondeat superior* is not applicable. A mere allegation that a death was caused by the defendant's negligence is

held sufficient, defendant not having moved to make it more definite and certain. (*Oldfield* v. *N. Y. & Harlem R. R. Co.*, 14 N. Y. 310, 314.)

I must, therefore, hold that the complaint foreshadows a cause of action charging defendant with negligence in employing an unskillful, incompetent and reckless man to perform the duties from which the injury occurred, and that the demurrer is an admission of a cause of action in that respect. The demurrer is, therefore, overruled, with the right to the defendant to answer upon payment of costs to be taxed. Interlocutory judgment may be entered accordingly.