Marcus G. Christ, J.
This is a motion by the defendant for leave to reargue a previous motion by the Temporary Receiver for permission to sell the property of the corporation. Leave is hereby granted.
*537 Although the ordinary function of a Temporary Receiver is to keep the corporate property intact awaiting the outcome of the litigation, the unusual circumstances which were presented on the previous motion, to wit: The uncontra-
dicted charge that the defendant was proceeding with a foreclosure of the corporate property to wipe out all other equities, while at the same time engaging in delaying tactics in this action to prevent an adjudication on the merits, in the opinion of the court, justified a granting of the application. It now appears that those charges went unanswered because initially the affidavit containing them was not served on the party concerned. When it was served at the court’s direction, it was done without a covering letter, so that defendant’s attorney assumed it to be an unauthorized submission, not considered by the court. Actually, he says, Joseph Grazi, the present holder of the mortgage, who is not a party to this action, has no intention of proceeding with the foreclosure and only bought the mortgage and had himself substituted as plaintiff in that action to protect the corporate property after the plaintiffs herein allowed the mortgage to go into default. Thus, the special circumstances requiring an immediate sale to salvage the corporate property do not exist. As to this phase of the motion, the procedure adopted in Alexander v. A. R. Z. Corp. (283 App. Div. 656) would be suitable. Therefore upon reargument the motion will be denied on condition that the present holder of the mortgage file with the court his personal undertaking to take no further action toward foreclosing the mortgage pending the trial and determination of this case. Said undertaking to be filed within 10 days after service of a copy of this order or sooner.
As to the balance of the motion the temporary receiver is authorized to investigate the explosion which destroyed the corporate property and to report to the court with all convenient speed, so that a determination may be made whether to sue, and, if so, whom. Short-form order signed.