■ SIDNEY MELTZER et al., Plaintiffs, v. JACOB S. GRAZI, Appellant. WILLIAM H. McCAFFREY, JR., as Temporary Receiver of Douglaston Estates, Inc., Respondent.— In an action by two stockholders of Douglaston Estates, Inc., a domestic corporation, against a third stockholder as party defendant, the latter appeals from an order, entered at Special Term without a hearing, which *inter alia*, conditionally discharged the respondent as temporary receiver for the corporation, directed him to file a supplemental account, and authorized him upon proof of compliance to apply for final discharge and cancellation of his bond. The corporation was formed to carry on a building construction program. As of the date of respondent's appointment as temporary receiver on April 2, 1958, it had constructed one model house which, under a prior contract, dated August 16, 1957, was to be sold by the corporation. This model house was destroyed by fire or explosion on or about July 16, 1958. The principal question presented at the Special Term was whether, as of the date of destruction, the model house was covered by protective insurance either in the name of the corporation or the respondent. It is claimed that such insurance was in existence, in the name of the corporation, on the date of respondent's appointment, but it was allowed to lapse, without notice to him, for nonpayment of the premiums due thereon. It appears that by the order of his appointment respondent was directed to carry on the business of the corporation in the completion of the sale and delivery of title of the model house, pursuant to the contract of sale, dated August 16, 1957. Order modified by striking therefrom the third, fourth and fifth ordering paragraphs, and matter remitted to the Special Term to hear and determine the questions of fact and law hereinafter set forth. As so modified, order affirmed, with costs to abide the event. In our opinion, the present papers on appeal do not adequately supply (except by way of hearsay) the facts requisite for the determination of respondent's liability, if any there be, for the destruction of the model house. Pending the termination of the litigation, respondent as temporary receiver had no title to the corporation's property but assumed mere custodial rights thereover, and his appointment did not stay or prevent the corporation from exercising its corporate powers nor deprive the corporation's officers and directors of any of their powers (*Garibaldi* v. *City of Yonkers*, 198 Misc. 1100, affd. 278 App. Div. 571; *Cohen* v. *Sherman*, 279 App. Div. 939; *Meltzer* v. *Grazi*, 21 Misc 2d 536). However limited the scope of his duties, respondent as temporary receiver was nevertheless as much a fiduciary as is a permanent receiver who is endowed with title to corporate property (*Atkins* v. *Judson*, 33 App. Div. 42, 47). Under the circumstances, whether respondent should be held to be immune for failure to carry insurance, in his name as fiduciary, on the model house, is dependent upon many questions of fact, to be resolved at a plenary hearing with sworn witnesses and documented proof, so that the question of law as to whether respondent breached any duty

owing a fiduciary may be fairly resolved. Under some circumstances, he may be held wanting in the performance of his duty and liable if he did not cause the property in his possession to be adequately insured against loss or damage (75 C. J. S., Receivers, § 176, p. 822). On the other hand, if the circumstances indicate that within the authority conferred upon him he acted in good faith, with care and prudence commensurate with the situation as it existed at the time, he may be immune from personal liability for losses resulting from failure to insure property (75 C. J. S., Receivers, § 189, pp. 834–835; *Mullins* v. *De Soto Securities Co.,* 45 F. Supp., 871, 883, revd. in part on other grounds 136 F. 2d 55; *Hamm* v. *Stone & Sons Live Stock Co.,* 13 Tex. Civ. App. 414). The matter is therefore remitted to the Special Term to hear and ascertain, *inter alia,* the circumstances as to how the policies existing on April 2, 1958, were procured; the circumstances under which such policies were cancelled for nonpayment of premiums; whether respondent exercised the prudence and care, commensurate with his fiduciary standing, of adequately inquiring as to such policies, their coverage and duration, as well as his right to possession thereof; and whether such policies were written in the name of the corporation and, if so, the insurable interest, if any, which respondent had in the model house in view of the provision in the order of his appointment directing him to proceed with the sale and delivery of title thereto. If the respondent be held wanting in the performance of his duties, there is also a question of fact as to the extent and nature of the damages, if any, to the corporation and to the objecting appellant as a consequence of the destruction of the house. Their right to damages, if any, may be affected by reason of the discontinuance of this action, as between the parties plaintiff and defendant-appellant, brought to our attention by observations dehors the papers on appeal. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.