■ DARO INDUSTRIES, INC., et al., Appellants, v RAS ENTERPRISES, INC., et al., Respondents.—Order, Supreme Court, New York County, entered June 30, 1976, denying plaintiffs' motion to compel a court-approved receiver to bring an action in the name of the corporation, reversed, on the law, without costs and disbursements, and the motion granted to the extent of vacating the order of said court entered March 11, 1975 and the matter remanded to Special Term for further proceedings. Appeal from the order of said court, entered July 2, 1976, denying reargument unanimously dismissed as nonappealable, without costs and disbursements. Scrutiny of the record discloses the following: By order entered June 18, 1970, a temporary receiver for Daro Industries, Inc. (the corporate plaintiff herein) was appointed at the request of Daniel Liker (also a plaintiff herein). The instant lawsuit was commenced by Daro Industries, Inc., and Daniel Liker some three years after the appointment of the temporary receiver. Special Term dismissed the complaint by order entered March 11, 1975, solely on the basis that the corporate plaintiff is in receivership and the "proper procedure in asserting a claim in behalf of the Corporation * * * would be for the individual plaintiff to move to compel the receiver to bring an action in the name of the corporate plaintiff." It is important to note that the court determined only the threshold issue of the corporate plaintiff's legal capacity to sue (CPLR 3211, subd [a], par 3), observing that "The remaining defenses raised on this motion need not be considered at this time" and "Any further motions shall be referred to * * * Special Term, Part I". It is well recognized that "A temporary receiver acquires no title to the property of the corporation, but only the right of possession as the officer of the court. Therefore, the title to a cause of action on behalf of the corporation remains in the corporation after the appointment of a temporary receiver and it has capacity to institute an action in its own name" (20 Carmody-Wait 2d, NY

Prac, § 121:373; see *Sigua Iron Co. v Brown,* 171 NY 488, 493–494; *Decker v Gardner,* 124 NY 334, 338–339; *Herring v New York, Lake Erie & Western R. R. Co.,* 105 NY 340, 371; *Meltzer v Grazi,* 10 AD2d 869). Plaintiffs appealed from Special Term's order entered March 11, 1975, although they have not perfected such appeal, and alternatively moved in the action pursuant to Special Term's advice for an order compelling the temporary receiver to institute legal action on behalf of the corporate plaintiff for the relief delineated in the dismissed complaint. No judgment was entered in defendants' favor dismissing the action and the plaintiffs' motion was therefore entertained by Special Term which denied same by order entered December 9, 1975 with the statement that "there [is] neither any authority nor warrant for the novel relief requested." Construing this pithy observation as a recognition of the fact that the corporate plaintiff was not legally incapacitated to sue and therefore there was no need for the relief requested, we view this determination as eminently correct. However, plaintiffs, not having perfected their prior appeal and apparently operating under the apprehension that the advice theretofore given by Special Term was correct, perceived themselves in a quandary and moved for "reargument" of the order entered December 9, 1975. Justice Starke having retired, the motion came before Justice Gellinoff, who denied it. Undaunted, plaintiffs moved for an order "permitting [them] to compel the Court appointed Receiver to bring an action in the name of the corporate plaintiff" with the request that such motion be referred to Justice Greenfield, which request was complied with. Special Term recognized the motion as one "to compel a court appointed receiver to bring an action in the name of the corporation" and denied same by order entered June 20, 1976, with the observation that the "court cannot overrule the decision of a justice of coordinate jurisdiction nor can it direct the very relief previously denied." This latest motion by plaintiffs was not one to "reargue" but was, in effect, one to "renew," pointing out to Special Term the additional facts presented by the intervening determination at Special Term. In this manner Special Term was afforded the opportunity to correct its initial incorrect determination embodied in the order entered March 11, 1975. Although Special Term did not seize this opportunity by granting plaintiffs' motion to the extent of recalling the incorrect determination and recognizing that the corporate plaintiff has the capacity to sue, we seize the opportunity to end the procedural morass presented by this record. In light of this court's broad power to correct error (CPLR 5501, subd [c]), it is concluded that plaintiffs' motion to be permitted to compel the temporary receiver to institute action on behalf of the corporate plaintiff be deemed a motion to renew regarding the March 11, 1975 order and as such is granted to the extent of vacating the order entered March 11, 1975 and the matter is remanded to Special Term for further proceedings. Finally, in view of the aforesaid, the court *sua sponte* dismisses the appeal from the order entered March 11, 1975 as academic. Concur—Lupiano, Capozzoli, Lane and Markewich, JJ.; Murphy, J. P., dissents in the following memorandum: In an order filed March 11, 1975, Justice Greenfield dismissed the complaint because of the plaintiffs' legal incapacity to sue. Justice Greenfield conditioned the further prosecution of this action upon a direction from Special Term that the temporary receiver act for plaintiff Daro. That order, be it correct or incorrect, now stands as the law in this case. While the plaintiffs have appealed from that order, they have never perfected that appeal. The majority, in effect, explore the merits of Justice Greenfield's order, filed March 11, 1975, and conclude that it is erroneous. The correctness of that order should only be reached after

the plaintiffs have perfected their appeal and after the defendants have been given an opportunity to submit their briefs in response thereto. The majority are indirectly disposing of an unperfected appeal. In the two orders appealed from, Justice Greenfield, as a successor Justice, recognized the fact that he could not properly overrule Justice Starke's order denying plaintiffs' motion to compel the receiver to bring an action in the name of the corporate plaintiff. *(Matter of Wright v County of Monroe,* 45 AD2d 932.) If for no other reason, Justice Starke correctly denied plaintiffs' motion since the temporary receiver was never served with the papers that compelled performance on his part. Surely, the temporary receiver would be denied due process if he were forced to act in the absence of any opportunity to be heard. It may well be that the procedural morass that now confronts the parties may be solved upon the perfection of the appeal from the order filed March 11, 1975.