■ CITIBANK, N. A., Formerly Known as FIRST NATIONAL CITY BANK, Appellant, v T. T. P. REALTY CORP. et al., Defendants, and HARRY KAPLAN, Respondent.—Order of the Supreme Court, New York County, entered June

15, 1977, which settled, approved and confirmed the account of the receiver, allowed a sum for the receiver's commissions, directed the receiver to pay to the plaintiff the balance of all sums being held, relieved the receiver from responsibility with respect to unpaid items or charges incurred during the period of the receivership, and discharged and released the surety, modified, on the law and the facts, to vacate the approval of the account insofar as (a) any loss with respect to fire damage may be involved, (b) it allowed a sum for the receiver's commission; and to deny the discharge and release of the surety, and the matter remanded for a hearing with respect thereto, and otherwise affirmed without costs. The respondent was appointed as a temporary receiver of apartment buildings in The Bronx in connection with an action for the foreclosure of a mortgage held by the plaintiff. Among other things, the order of appointment directed the respondent to "keep said premises insured against loss or damage by fire and to pay the premium therefor". The receiver took possession of the premises, posted a bond for the faithful discharge of his duties, and appointed a managing agent. While he was still in possession of the subject premises, the property under foreclosure was partially destroyed by fire. The damage was such that all of the tenants in the premises were removed and the buildings boarded up. The premises were not covered by fire insurance. It is the contention of the receiver that he did not obtain fire insurance because an officer of the plaintiff had assured him that there was a fire insurance policy in effect. Lending credence to this contention is the fact that the receiver did obtain liability, disability and workers' compensation insurance. After the fire, the receiver by way of an order to show cause asked to be discharged on the ground, among others, of failure of co-operation from the mortgagee in possession. The request was granted, and the receiver was relieved and discharged with instructions to file an accounting. There was no opposition to the discharge, and no appeal was taken from the order in connection therewith. Thereafter, the receiver moved to fix his compensation and to discharge the surety, and at that point the plaintiff objected to the discharge of the receiver and the surety, the settlement of accounts, and the payment of any compensation, and further requested that the receiver be surcharged to the extent of any damage caused by the failure to obtain fire insurance. While the receiver was relieved of his duties, there was no final discharge. The order with respect thereto directed the receiver to file his accounts for settlement, and it is the final determination with respect thereto from which this appeal is taken. The accountability of the receiver with respect to the fire insurance has not been foreclosed. (See *149 Clinton Ave. North v Grassi,* 51 AD2d 502). A hearing should be held with respect to the question of whether fire insurance should have been obtained, and as to whether compensation in the form of receiver's commissions is justified. *(Meltzer v Grazi,* 10 AD2d 869.) Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.