■ HARRY GROSSMAN, as Receiver for DARO INDUSTRIES, INC., Appellant, v BLANCHE LIKER et al., Respondents, et al., Defendant. — Order of the Supreme Court, New York County (Shainswit, J.) entered November 18, 1980 granting the motion of defendants Blanche Liker and Daniel Liker to release the savings account in the Roosevelt Savings Bank in the name of Blanche Liker in trust for Daniel Liker, and denying plaintiff's cross motion to strike the answer of defendants Blanche Liker and Daniel Liker and to direct payment to plaintiff of the moneys in the Roosevelt Savings Bank account to plaintiff, modified, on the law, the facts and in the exercise of discretion, to the extent of granting so much of the cross motion as seeks leave to file a third restraining notice to garnishee upon condition that such notice is served within 10 days after the entry of the order herein, and denying the motion to release the savings account of Blanche Liker, in trust for Daniel Liker in the Roosevelt Savings Bank, without costs, and otherwise affirmed. Plaintiff was appointed the receiver of Daro Industries, Inc., in an action brought by RAS Enterprises, Inc., against Daro. In April, 1977, plaintiff recovered judgment against defendant Daniel Liker in the sum of $202,400. In July, 1977, plaintiff ascertained that defendant Blanche Liker maintained a Totten trust account in Roosevelt Savings Bank with Daniel designated as the beneficiary. There appears to be substantial foundation for the suspicion that this account was opened and supplemented with funds belonging to Daniel. Thereupon plaintiff brought this action to recover the moneys on deposit in the account in the Roosevelt Savings Bank in the name of Blanche, in trust for Daniel, to be applied in satisfaction of the judgment against Daniel. He also served a restraining notice to garnishee on the bank. In September, 1977 the Likers moved to dismiss the complaint in this action and for summary judgment or, alternatively, for immediate release of the funds in the Roosevelt Savings Bank account. Special Term denied the motion. That motion was renewed in December, 1977, and was again denied. Thereafter, in April, 1978 the Liker defendants moved for the same relief. Again the motion was denied. This time the Likers appealed. We affirmed (65 AD2d 681). Inasmuch as more than one year had expired since the restraining notice had been served, defendants Liker moved, almost immediately in the wake of our affirmance, for an order directing immediate release of the funds by Roosevelt Savings Bank. The law limits the effectiveness of a restraining notice to one year (CPLR 5222, subd [b]) unless extended by court order (CPLR 5222, subd [c]). No extension had been applied for during the pendency of the appeal. Accordingly, the motion to vacate was granted by order entered November 20, 1978. However, the enforcement of the order was stayed for 15 days, presumptively to afford plaintiff an opportunity to obtain leave of the court to serve a second restraining notice. Such leave was obtained and a second restraining notice to garnishee served. By stipulation of the parties, seemingly exacted as a condition for granting an adjournment of the examination before trial of the Liker defendants, the validity and effectiveness of the restraining notice was extended to February 12, 1980. In March, 1980, the Liker defendants again moved for an order to require Roosevelt Savings Bank to pay over to them the

moneys on deposit in the account. Plaintiff cross-moved for an order striking the answer of the Liker defendants and for judgment as prayed for in the complaint, or, in the alternative, for leave to file a third restraining notice to garnishee. By order entered November 18, 1980, Special Term denied the cross motion and granted the motion. We modify as indicated. The purpose in limiting a restraining notice to one year is premised on the assumption that the period allowed will ordinarily be sufficient to enable a judgment creditor to obtain a determination of his entitlement to the money or property involved. Here, however, the Liker defendants have done everything conceivable to frustrate such a determination. The discovery process has been reduced to a mockery. Although on three separate occasions plaintiff has obtained orders conditionally dismissing the answer of the Likers, their examinations before trial are far from complete. The answers given by them, and particularly by Daniel, border on the contumacious. Even so simple a thing as the amount of salary drawn by Daniel from a corporation by which he was employed and the functions performed by him for another corporation were stonewalled. In these circumstances, plaintiff is entitled to additional time to enable him to ascertain the facts. Accordingly, the alternative relief sought by plaintiff's cross motion, i.e., that he be permitted to file a third restraining notice to garnishee, should have been granted. Although Daniel's conduct merits serious condemnation we think that he is entitled to one final opportunity to make disclosure. Hence, to strike his answer at this point would be improper. In light of our holding on the cross motion, it becomes apparent that Special Term should have denied the motion of the Liker defendants, and we modify accordingly. Concur — Sandler, J. P., Carro, Bloom and Fein, JJ.