■ DANIEL LIKER, Appellant, v LOUIS GROSSMAN et al., Respondents.—In an action to recover damages for conspiracy, fraud, and breach of fiduciary duty, the parties were directed by decision and order dated February 4, 1991 [170 AD2d 440],

to appear before this court to be heard, pursuant to 22 NYCRR 130-1.1, on the issue of the imposition of appropriate sanctions and/or costs, if any, against the appellate attorney for the plaintiff for his conduct in pursuing frivolous appeals from an order of the Supreme Court, Kings County, dated November 1, 1988, and an order of the same court, entered June 20, 1989.

Upon the proceedings before this court on March 13, 1991, at which the parties were given an opportunity to be heard upon the issue of sanctions and/or costs, it is,

Ordered that Harry Kresky, the appellate counsel for the plaintiff, is directed to personally pay the sums of $9,243 to the defendants' counsel and $757 to the Lawyers' Fund for Client Protection, within 20 days after service upon him of a copy of this decision and order with notice of entry, the former sum representing the costs incurred in defending these appeals and the latter sum constituting a sanction for his conduct in pursuing these appeals.

The disputes underlying the instant action have a history dating back over 20 years leading to protracted litigation in the courts of New York County (see, Grossman v Liker, 83 AD2d 818; Daro Indus. v RAS Enters., 61 AD2d 898; Daro Indus. v RAS Enters., 56 AD2d 776, affd 44 NY2d 969). In the course of those proceedings, the defendant Harry Grossman, since deceased, was appointed the receiver of Daro Industries, a corporation of which the plaintiff Daniel Liker was president and 50% shareholder. The New York County litigation concluded with Grossman recovering a judgment against Liker in the sum of $202,400. Thereafter, Grossman, in another action, sought to enforce the judgment against Liker (see, Grossman v Liker, supra). The plaintiff was unsuccessful at every stage in the course of the New York County litigation. Undeterred by his lack of success, the plaintiff persisted in bringing a motion for a variety of relief before Justice Burton S. Sherman in the Supreme Court, New York County. The plaintiff's litigious nature apparently prompted Justice Sherman at one stage to preclude the plaintiff from bringing any further actions against the defendants herein without the permission of the court.

In what we can only characterize as a blatant effort at forum shopping to procure a more favorable result and to collaterally attack the New York County proceedings, the plaintiff then commenced the instant action in Supreme Court, Kings County asserting three causes of action sounding

in conspiracy, fraud, and breach of fiduciary duty. The plaintiff moved pursuant to CPLR article 64 for permission to prosecute the instant action against Grossman in Kings County. By order dated November 1, 1988, the Supreme Court, Kings County (Lodato, J.), denied the motion in its entirety. The defendants thereafter moved to dismiss the complaint and the plaintiff cross-moved for leave to reargue the denial of his prior motion. By order entered June 20, 1989, the Supreme Court, Kings County (Williams, J.) granted the defendants' motion dismissing the complaint and denied the plaintiff's cross motion for reargument.

The plaintiff sought to appeal from both the November 1, 1988, and the June 20, 1989, orders. Notably, although the plaintiff's appellate brief addressed both orders, this court had, by decision and order dated November 2, 1989, dismissed the plaintiff's appeal from the order dated November 1, 1988, for failure to timely perfect. It is beyond dispute that no appeal lies from an order denying reargument, thereby precluding appellate review of the November 1, 1988, order on the appeal from so much of the June 20, 1989, order as denied reargument.

Viewed in light of the seriously overburdened conditions existing not only in this court but in all of the courts in New York City, counsel's conduct in pursuing appeals from these orders in an action that is so obviously lacking in merit and where one appeal already had been dismissed by this court, is subject to our most strenuous condemnation. If counsel had engaged in even a modicum of legal research or simply referred to the statutory and case law citations in the orders appealed from, the fact that the causes of action asserted in the complaint were absolutely devoid of merit on both substantive and procedural grounds would have been immediately evident.

We conclude, therefore, that the appeals before us were "frivolous" within the meaning of the Rules of the Chief Administrator of the Courts § 130-1.1 (a) since they are "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). Furthermore, the conduct of the plaintiff's appellate counsel in pursuing the frivolous appeals may be deemed an effort to delay the final resolution of this barrage of litigation.

Although offered an opportunity to do so, appellate counsel has failed to demonstrate that the appeals had a legitimate basis in light of the facts and existing law nor has he offered

any arguments that would persuade us to formulate new principles of law. Under the circumstances, we find it appropriate to direct the plaintiff's appellate counsel to pay the defendants' counsel $9,243 to compensate him for fees accrued and as yet unpaid in the defense of these appeals and to further pay a sanction in the sum of $757 to the Lawyers' Fund for Client Protection as authorized by the rules *(see,* 22 NYCRR 130-1.2, 130-1.3; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.