■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROUSE, Also Known as BOBBY L. ROUSE, Appellant.— Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that the proof of intent to sell was legally sufficient to support defendant's conviction of criminal possession of a controlled substance in the third degree. We also conclude that defendant was not denied effective assistance of counsel *(see generally, People v Rivera,* 71 NY2d 705, 708-709; *People v Baldi,* 54 NY2d 137, 146-147). Defendant's arguments with respect to the court's charge are unpreserved and we decline to reach them in the interest of justice. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.

■ FRANK A. PAPELINO, Respondent, v CHARLES F. PAPELINO, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly enforced the stipulation and denied defendant's cross motion to rescind it *(see, Rivera v State of New York,* 115 AD2d 431). The court erred, however, in imposing sanctions on defendant because the cross motion was not completely devoid of merit in law and fact (22 NYCRR 130-1.1 [c] [1]; *cf., Liker v Grossman,* 175 AD2d 911, 913-914). The fourth paragraph of the order is therefore modified by vacating the $1,500 attorney's fee award pursuant to 22 NYCRR part 130. (Appeal from Order of Supreme Court, Oneida County, Parker, J.— Enforce Stipulation of Settlement.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.