EDWARD FURMAN, Plaintiff, *v.* OLIVE GROVES FURMAN, Also Known as OLIVE KRAUSS, and THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendants.*

Supreme Court, Special Term, New York County, May 27, 1941.

*Edward E. Hoenig*, for the plaintiff.

*Strauss & Abrahams*, for the defendants.

* Affd., 262 App. Div. 512.

SHIENTAG, J. This is a motion made by the defendant Furman pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that a prior action between the parties is *res judicata* herein.

The complaint alleges that the plaintiff and the defendant Furman, his wife, deposited the sum of $30,528.05 in various banks under various fictitious names for the plaintiff's sole benefit; that the defendant wife withdrew and converted this money to her own use without the knowledge or consent of the plaintiff, and that the defendant wife turned over $20,000 of this sum to the defendant insurance company. Therefore, the plaintiff demands a money judgment against the defendant wife in the sum of $30,528.05 and against the defendant insurance company in the sum of $20,000.

In March, 1939, this plaintiff instituted an equity action in this court against the same two defendants alleging identical facts as in the instant action. The only difference between the complaint in this prior action and in the instant action is the prayer for relief. In the instant action the plaintiff demands a money judgment, whereas in the prior equity action the plaintiff requested a judgment impressing a trust on the money or policy in the possession of the defendant insurance company, directing an accounting of the money allegedly stolen by the defendant wife, ordering the defendant wife to return this money to the plaintiff, and for other equitable relief. This prior action, tried before HARRIS, J., resulted in a judgment on the merits in favor of the two defendants, on the ground that the plaintiff and his wife, the defendant, were engaged in an unlawful undertaking in concealing these funds from their judgment creditor and that, therefore, the plaintiff failed to come into court with clean hands. This judgment was unanimously affirmed by the Appellate Division (259 App. Div. 988) and leave to appeal to the Court of Appeals was denied (259 App. Div. 1073, and 284 N. Y. 591). The defendant wife urges that the judgment in this prior action is *res judicata* of the instant action.

On June 15, 1940, this plaintiff moved for an order amending the decree in the prior equity action so as to provide that the court retain the action on the law side for disposition of the claim for damages. This motion was denied by Mr. Justice BENVENGA, who stated: " The relief which the plaintiff now seeks was denied him by the trial court when it refused to sign certain proposed findings of fact and conclusions of law. The relief was also denied to plaintiff in the Appellate Division, which affirmed the judgment in favor of the defendant despite the fact that plaintiff in his brief on appeal argued that the court should have retained jurisdiction of the action and awarded a money judgment instead of dismissing

the complaint on the merits  *  *  *." (N. Y. L. J. July 2, 1940, p. 12.)

In June, 1940, the plaintiff herein instituted an action against the defendant wife and one Krauss, alleging that the defendant wife had fraudulently purchased an outstanding judgment against the plaintiff and the defendant wife in the sum of $29,997.37 by the payment of $650 of the plaintiff's own money and that the defendant wife assigned this judgment to Krauss for the sole purpose of harassing the plaintiff. The court, per Koch, J., remarked that the court in the prior equity action brought by the plaintiff against the defendant wife and the defendant insurance company had determined that the money was the joint property of the plaintiff and his defendant wife, that the defendant wife wrongfully converted it to her own use, but that relief had been denied the plaintiff on the ground that the plaintiff and his defendant wife had both been engaged in an illegal undertaking to conceal their money from a judgment creditor.

However, the court rejected the contention that the prior equity action was *res judicata*. The parties were different and while the issue in the first action involved the disposition of the funds, the issue before Mr. Justice Koch involved the misuse of the outstanding judgment by the plaintiff's wife. As regards the wrongful acquisition of this judgment, the wife alone, and not the plaintiff, was the wrongdoer. Therefore, Mr. Justice Koch concluded that the prior adjudication that plaintiff came into court with unclean hands had no bearing in the plaintiff's action concerning the wife's fraudulent purchase of the outstanding judgment and accordingly the court granted judgment in favor of the plaintiff in order to prevent the wife from unjustly enriching herself by enforcing the judgment she had purchased and assigned to the dummy, Krauss. (*Furman* v. *Krauss*, 175 Misc. 1018.)

When the plaintiff commenced this action, he had failed to pay the costs of his first action brought before Mr. Justice Harris, and accordingly the defendants moved for a stay of this action. This motion was granted by Mr. Justice Hofstadter, who remarked: " The cause of action which forms the basis of the present suit differs from the one asserted in the previous action only in that legal relief is now sought in place and stead of the equitable remedies applied for in the prior action. The complaint in the previous suit was not dismissed without prejudice or with express leave to institute an action at law  *  *  *." (N. Y. L. J. Aug. 15, 1940, p. 363.)

The defendant contends that the prior equity action was a final adjudication that the plaintiff is not entitled to recover from the

defendants any of the moneys for which he now sues at law. It is true that " a judgment in one action is conclusive in a later one [between the same parties] not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (Matter in brackets added.) (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307; and see *Good Health Dairy Products Corp.* v. *Emery*, 275 id. 14; *Reich* v. *Cochran*, 151 id. 122; *Stewart* v. *Stewart*, 198 App. Div. 337.) The fact that the prior judgment was rendered by a court of equity does not prevent the doctrine of *res judicata* from applying in this action at law. (*Young* v. *Farwell*, 165 N. Y. 341; *Sisson* v. *Todd*, 103 Misc. 99; affd., 186 App. Div. 940; *Macross Holding Corp.* v. *Siller*, 134 Misc. 860; affd., 233 App. Div. 722.) The test that determines the applicability of the doctrine of *res judicata* is not the particular remedy by which a party seeks to assert a right but rather is the subject-matter of the action. The mere fact that the plaintiff has changed his prayer for relief cannot, of itself, render the doctrine of *res judicata* inapplicable to the present action at law.

However, the court in the prior equity action did not rule that the moneys for which the plaintiff sues do not belong to him. Instead, the court, per HARRIS, J., dismissed the complaint on the merits solely on the ground that the plaintiff came into court with unclean hands, stating, in part: " The subject of the controversy is the money concealed fraudulently from the creditors of the husband and wife, parties herein. No matter how unrighteous, how unlovely or how disgraceful may have been the conduct of the defendant wife, in accumulating such funds and in surreptitiously [so far as her husband is concerned] stealing them from the bank accounts, the court is confronted with the fact that these funds were accumulated for a purpose in violation of law."

Therefore, the problem presented for determination is whether or not a prior adjudication that the plaintiff came into equity with unclean hands bars the plaintiff's recovery at law upon the identical facts and transactions which were presented to the equity court. The plaintiff urges the negative of this proposition on the ground that there are additional issues involved in the instant legal action which have not and could not have been litigated between the parties in the equity action. Specifically, the plaintiff contends that the adjudication that his hands are unclean is not an adjudication that he is an equally guilty participant in the fraudulent transaction along with the defendant wife. The plain-

tiff argues that he may recover at law, even though he could not in equity, if he can prove that his conduct is the more excusable of the two wrongdoers.

A court of law will not lend its aid to either of the parties to an illegal or fraudulent transaction. However, it is true that where the parties are not equal in guilt (*in pari delicto*) but where one of them, although participating in the wrong, is less guilty than the other, the party more at fault cannot employ the doctrine of *pari delicto* to shield his deliberate invasion of the rights of the former. In such a situation, the parties are said to be *in particeps criminis* and not *in pari delicto*, and a law court will grant relief to the less guilty of the parties who has suffered a deliberate wrong. (*Duval* v. *Wellman*, 124 N. Y. 156; 160: *Tracy* v. *Talmage*, 14 id. 162; *Ayew* v. *Hawes & Co., Inc.*, 250 App. Div. 596; *Wood* v. *Erie Railway Co.*, 72 N. Y. 196.)

However, I believe that under the circumstances of this case, the judgment in the prior equity action was an adjudication that the parties were *in pari delicto* and not merely *in particeps criminis*, and, therefore, that the prior judgment is *res judicata* in this action. The equitable maxim of clean hands " does not repel all sinners from courts of equity, nor does it apply to every unconscientious act or inequitable conduct on the part of the complainants." (10 R. C. L. § 140, p. 391.) A well-recognized exception to the clean hands doctrine may be stated as follows: Where the plaintiff was engaged in an illegal transaction along with the defendant, he will not necessarily be denied equitable relief because he comes into court with unclean hands. Under certain circumstances, equity will aid such a plaintiff if it is found that he is the less guilty of the two parties and that he has been deliberately wronged by the defendant. The maxim of clean hands being based on the principle that to grant a wrongdoing plaintiff relief would contravene public morals, it is not applied to a situation where to withhold the relief would to a greater extent offend public morals. Under such circumstances, equity will not deny the plaintiff relief on the basis of the clean hands maxim unless the parties are *in pari delicto*. (1 Pomeroy's Equity Jurisprudence [4th ed.], § 403; *Berman* v. *Coakley*, 243 Mass. 348; 137 N. E. 667; *Colby* v. *Title Ins. and Trust Co.*, 160 Cal. 632; 117 P. 913; 10 R. C. L. § 102, p. 354, and cases there collected.) As one court has stated, " The doctrine of ' clean hands ' is closely akin to the maxim *in pari delicto*, and the two are sometimes discussed as though involving substantially the same principle." (*Heflinger* v. *Heflinger*, 136 Va. 289; 118 S. E. 316; and see notes in 4 A. L. R. 44, 66, and 20 id. 1476.)

The courts of this State recognize this well-established " exception to the clean hands doctrine that one who, although *in delicto*, is not *in pari delicto*, will not be denied relief." (*Conlon* v. *Hosier*, 165 N. Y. Supp. 745; and see *Ford* v. *Harrington*, 16 N. Y. 285; *Tracy* v. *Talmage, supra; Place* v. *Hayward*, 117 N. Y. 487.)

Therefore, it has been adjudicated in the prior equity action that the plaintiff is *in pari delicto* with the defendant, his wife. This is especially clear where the identical allegations of the complaint in the prior and the instant action show that the plaintiff was at the very least an equal participant in the scheme to defraud the creditors and what is more probable, was the prime instigator and actor in that scheme. This is borne out by the plaintiff's allegations that either the defendant wife deposited the moneys at his direction or that the plaintiff made the deposits himself and that all the deposits were for the plaintiff's sole and exclusive benefit. In any event, the court by applying the doctrine of clean hands in the prior equity action has so found and this court cannot retry the issue. Public policy requires a limit to litigation. " One who has had his day in court should not be permitted to litigate the question anew." (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.)

Accordingly, the defendant's motion to dismiss the complaint is granted. Settle order.