EDWARD FURMAN, Appellant, *v.* OLIVE GROVES FURMAN, Also Known as OLIVE KRAUSS, Respondent, Impleaded with THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

First Department, October 31, 1941.

*Edward E. Hoenig*, for the appellant.

*Jerome A. Strauss* of counsel [*Strauss & Abrahams*, attorneys], for the respondent.

DORE, J. We think the Special Term properly dismissed the complaint on the ground that the prior judgment granted on the merits after a trial between the same parties was *res judicata*. That judgment was unanimously affirmed by this court without opinion (*Furman* v. *Furman*, 259 App. Div. 988); motion for leave to appeal to the Court of Appeals or for reargument denied (259 App. Div. 1073); motion for leave to appeal to the Court of Appeals dismissed (284 N. Y. 591). The cause of action forming the basis of the present action at law differs from that asserted in the previous equity suit in that only legal instead of equitable relief is sought, but the issues and the parties are the same. There, as here, the subject of the controversy was the money concealed fraudulently from the creditors, and there, as here, plaintiff sought recovery of such funds. Plaintiff has had his day in court on the identical facts and issues with respect to the same subject-matter between the identical parties and should not be permitted to relitigate such issues. The allegations of this complaint establish, as the Special Term found, that plaintiff was instigator and actor in the fraudulent scheme and was at least *in pari delicto* with respondent.

In *Furman* v. *Krauss* (175 Misc. 1018; affirmed herewith, 262 App. Div. 1016) neither the parties nor the issues were the same. Plaintiff in that action was not given relief either by way of enforcement or rescission of the original illegal and fraudulent transaction. Nor was plaintiff there *in pari delicto*. He merely sought to prevent the coadventurer from profiting by her own wrong and taking advantage of the relationship to her own aggrandizement. Accordingly, that case is not here controlling.

The judgment and the order appealed from should be affirmed, with costs.

MARTIN, P. J., and GLENNON, J., concur; UNTERMYER and CALLAHAN, JJ., dissent, with memorandum.

UNTERMYER and CALLAHAN, JJ., dissent and vote to reverse and deny the motion upon the ground that it does not necessarily follow that the plaintiff would be defeated in an action at law merely because he was refused relief in equity under the doctrine of " unclean hands." Considerations not relevant in equity might entitle the plaintiff to recover at law. We need not decide now whether, on the facts disclosed by the affidavits, the plaintiff will recover in this action since the defendant's motion is not for summary judgment but is made exclusively on the theory of *res judicata* and that the complaint is insufficient on its face.

Judgment and order affirmed, with costs.