■ Jack Prince, Respondent-Appellant, v David Gurvitz et al., Appellants, and Alan Z. Richards et al., Doing Business as I. Stanley Kriegel & Co., et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover damages caused by defendants' coercion of plaintiff to transfer his shares in defendant Prince Chevrolet, Inc., (1) defendants David Gurvitz, Mortimer A. Shapiro and Prince Chevrolet, Inc., appeal, as limited by their notices of appeal and briefs, from so much of a judgment of the Supreme Court, Nassau County, entered July 26, 1976, as is in favor of plaintiff and against them, for compensatory and punitive damages, upon a jury verdict, and (2) plaintiff cross-appeals, for protective purposes, from so much of the said judgment as is against him and in favor of defendant Central State Bank. Judgment modified, on the law and the facts, by deleting therefrom those portions thereof which awarded plaintiff punitive damages. As so modified, judgment affirmed insofar as appealed from, with one bill of costs payable by plaintiff jointly to defendants appearing separately and filing

separate briefs, and action remanded to Trial Term for the entry of an appropriate amended judgment in accordance herewith. The verdict in favor of the plaintiff was supported by substantial evidence in the record. However, "The proof in this case does not establish such gross, wanton, or willful fraud or other morally culpable conduct to a degree sufficient to justify an award of punitive damages" *(Borkowski v Borkowski,* 39 NY2d 982, 983; see, also, *Greiss v Royal Nat. Bank,* 31 NY2d 1003; *Vinlis Constr. Co. v Roreck,* 27 NY2d 687; *Walker v Sheldon,* 10 NY2d 401). We have considered the other points raised by appellants and find them to be without merit. Hopkins, J. P., Damiani and Rabin, JJ., concur; Latham, J., dissents and votes to reverse the judgment and to dismiss the complaint and counterclaim, with the following memorandum: In my opinion, the plaintiff, by actively participating in the fraud upon General Motors, as well as the filing of the false financial statement with the Central State Bank, was *in pari delicto* with the defendants-appellants and is thus barred from any recovery in this action. Although we held in a prior appeal *(Prince v Gurvitz,* 37 AD2d 727) that plaintiff's first cause of action was legally sufficient, on the record now before us it is demonstrated that the plaintiff is precluded, as a matter of law, from recovering. The plaintiff admitted that he participated in the fraud perpetrated upon General Motors and the jury found, in answer to a special interrogatory, that he and Gurvitz were *in pari delicto.* Accordingly, we should reject his argument that defendant Gurvitz was in a position superior to him, which, he suggests, would permit a recovery. I find that he and Gurvitz were equal in guilt and would hold that this court "will not lend its aid to either of the parties to an illegal or fraudulent transaction" *(Furman v Furman,* 178 Misc 582, 586, affd 262 App Div 512, affd 287 NY 772). The malpractice cause of action against defendant Shapiro should be dismissed as there was insufficient evidence to support the judgment. The counterclaim of the defendant close corporation should be dismissed as its stockholders may not be permitted to profit from their own fraud and deceit.