Daniel P. RICHARDSON, Patricia R. Richardson, Thomas W. Richardson, and Frederick L.W. Richardson, III, Plaintiffs,

v.

SHEARSON/AMERICAN EXPRESS COMPANY, INC., Drexel Burnham Lambert, Inc., and Peter Von Nessi, Jr., Defendants.

No. 82 Civ. 3769 (HFW).

United States District Court, S.D. New York.

March 29, 1983.

Liebowitz & Cohen by Laurence B. Liebowitz, New York City, for plaintiffs.

Willkie Farr & Gallagher by Louis A. Craco, A. William Urquhart, New York City, for defendants Von Nessi and Shearson/American Express Co., Inc.

Cahill Gordon & Reindel by Thomas F. Curnin, Donald S. Parker, Harlan A. Levy, New York City, for defendant Drexel.

## MEMORANDUM DECISION

WERKER, District Judge.

This is an action in which plaintiffs seek to recover the losses they sustained on the purchase of stock of Nucorp Energy, Inc. ("Nucorp"). The complaint contains thirteen counts and contains causes of action arising under various provisions of the federal securities laws and the regulations promulgated thereunder, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, section 352–c of the New York General Business Law, N.Y.Gen.Bus.Law § 352–c (McKinney 1968 & Supp.1982–1983) and the common law. The matter presently is before the court on defendants' motion for an order dismissing the complaint pursuant to Fed. R.Civ.P. 12(b)(6).

### FACTS

The allegations of the complaint are as follows. Defendant Peter Von Nessi, Jr. ("Von Nessi") is a vice president of defendant Shearson/American Express Company, Inc. He previously had been employed by defendant Drexel Burnham Lambert, Inc. ("Drexel"), but that relationship was terminated sometime in July 1981. Plaintiffs claim that, through a series of misrepresentations and omissions of material facts, Von Nessi induced them to purchase and, with respect to some plaintiffs, not to sell Nucorp stock. The gist of their complaint is that the Nucorp securities were highly speculative and subjected plaintiffs to a substantial risk of loss and that Von Nessi either misrepresented or failed to disclose these facts.

### DISCUSSION

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, and its allegations must be accepted as true. C. Wright & A. Miller, *Federal Practice & Procedure* § 1357 at 594 (1969) (footnote omitted). Thus, the complaint cannot be dismissed "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts ... which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted).

Defendants raise several arguments to support their motion. The court first will address Drexel's contention that all of the claims asserted against it must be dismissed because (1) there is no allegation that plaintiffs suffered any damage while their accounts were at Drexel and because plaintiffs have failed to plead with particularity any wrongdoing by Von Nessi and any knowledge thereof on the part of Drexel while plaintiffs' accounts were at Drexel. As mentioned earlier, Von Nessi left Drexel sometime in July 1981. Since plaintiff Frederick L.W. Richardson did not become a customer of Von Nessi until October 1981, he clearly has no claim against Drexel. With respect to the remaining plaintiffs, the allegations of the complaint indicate that, while their accounts were at Drexel, the price of Nucorp stock rose. Complaint ¶¶ 27 & 51. Thus, the remaining plaintiffs did not sustain any damages until after Von Nessi had left Drexel and no liability could exist as between these plaintiffs and Drexel. The complaint therefore must be dismissed in its entirety as against

Drexel. In view of this disposition, the court need not resolve the other points raised by Drexel.

■ The remaining defendants argue that all of the claims asserted in the complaint must be dismissed on the basis of the in pari delicto doctrine. According to defendants, the information that Von Nessi allegedly gave plaintiffs, which plaintiffs claim induced them to buy or not to sell the Nucorp stock was "inside information," which could not be used by plaintiffs because it had not been disclosed to the public. Defendants thus argue that, since plaintiffs also were guilty of wrongdoing, they are in pari delicto and cannot recover.

In pari delicto means "of equal fault" and has been applied by the courts to deny recovery to a plaintiff whose losses were caused by his own fault that is at least equal to or substantially equal to that of the defendant. *See, e.g., Mallis v. Bankers Trust Co.,* 615 F.2d 68, 76 & 76 n. 6 (2d Cir.1980), *cert. denied,* 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981); *Lemmelin v. Haven Indus., Inc.,* 462 F.Supp. 172, 178 (S.D.N.Y.1978); *Furman v. Furman,* 178 Misc. 582, 34 N.Y.S.2d 699 (Sup.Ct. New York County), *aff'd,* 262 App.Div. 512, 30 N.Y.S.2d 516 (1st Dep't 1941), *aff'd per curiam,* 287 N.Y. 772, 40 N.E.2d 643 (1942). In the present posture of this case, it is impossible to measure the relative fault of the parties. The complaint therefore cannot be dismissed on the basis of the in pari delicto doctrine.

■ Defendants next claim that Counts I, II and III of the complaint must be dismissed insofar as they allege violations of the Investment Advisers Act of 1940 ("IAA"), 15 U.S.C. §§ 80b–1–80b–21, and that Count VII must be dismissed insofar as it alleges violations of the rules of the New York Stock Exchange ("NYSE") because neither the IAA nor the NYSE rules provides a private right of action. .Defendants are correct in their contention, which plaintiffs do not dispute, that there is no private right of action under the IAA. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). Moreover, although the Supreme Court has not yet addressed the issue, the present state of the law clearly indicates that no private right of action exists under rule 405 of the NYSE, which is the focal point of Count VII. *Leist v. Simplot,* 638 F.2d 283, 296 n. 11 (2d Cir.1980), *aff'd on other grounds sub nom. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed. 182 (1982); *Picard v. Wall Street Discount Corp.,* 526 F.Supp. 1248, 1251 (S.D.N.Y.1981) (and cases cited therein).

Plaintiffs, however, argue that they do not premise any of their asserted rights of recovery on either the IAA or the rules of the NYSE. Rather, plaintiffs contend that they rely on the IAA and NYSE rules to support their common-law claims that defendants breached their duties to plaintiffs and did not comply with relevant standards of care. A reading of the complaint, however, reveals the contrary. Count VI specifically alleges breaches of Von Nessi's duties to plaintiffs as a stockbroker and investment advisor, and Count VIII alleges violations of Von Nessi's common-law duties. Both Counts contain separate requests for damages. To permit Counts I, II, III and VII to stand in support of plaintiffs' breach of duty claims, which Counts also contain separate damage requests, would be to allow plaintiffs a possible double recovery, which, of course, is prohibited. Thus, the claims asserted in Counts I, II and III under the IAA must be dismissed as must be Count VII.

■ Defendants next seek dismissal of Count IV, which alleges violations of section 9 of the Securities Exchange Act of 1934, 15 U.S.C. § 78i. Count IV in essence charges Von Nessi with inducing plaintiffs not to sell their Nucorp stock by making misrepresentations and omissions of material facts for the purpose of "stabilizing, fixing, and/or raising the price of Nucorp shares." Complaint ¶ 77. Defendants claim that Count IV fails to state a cause of action under section 9 because Count IV does not allege that Von Nessi's conduct

actually created a false market in Nucorp stock or that plaintiffs purchased or sold Nucorp shares at an inflated or depressed price or that plaintiffs were damaged by Von Nessi's activity.

Section 9(e) provides that a person who violates section 9 "shall be liable to any person who shall purchase or sell any security at a price which was affected by [the violation]." 15 U.S.C. § 78i(e). The courts have held that, to state a cause of action, a section 9 complaint must contain an allegation to that effect. *Jewelcor Inc. v. Pearlman*, 397 F.Supp. 221, 244 (S.D.N.Y.1975) (citing *Rosenberg v. Hano*, 121 F.2d 818 (3d Cir.1941) & *duPont v. Wyly*, 61 F.R.D. 615 (D.Del.1973)). In this case, plaintiffs do not claim that they purchased or sold Nucorp stock at a price that was affected by Von Nessi's alleged violation of section 9. Rather, they assert that Von Nessi's conduct induced them not to sell the stock. For this reason alone, Count IV must be dismissed.

■ Counts VI and VIII of the complaint seek punitive damages for Von Nessi's alleged breach of his common-law fiduciary duties to plaintiffs. Defendants assert that the complaint does not contain the requisite allegations to sustain an award of punitive damages, and that therefore Counts VI and VIII must be dismissed to the extent they seek to recover such damages. Punitive damages are recoverable only "in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives." *Walker v. Sheldon*, 10 N.Y.2d 401, 404, 179 N.E.2d 497, 498, 223 N.Y.S.2d 488, 490 (1961); *see Borkowski v. Borkowski*, 39 N.Y.2d 982, 355 N.E.2d 287, 387 N.Y.S.2d 233 (1976) (per curiam). Although Counts VI and VIII include words such as "wilful" or "wanton," they do not allege conduct that rises to the level of that required for the imposition of punitive damages. *See Zaretsky v. E.F. Hutton & Co.*, 509 F.Supp. 68, 77 (S.D.N.Y.1981). Thus, insofar as Counts VI and VIII request an award of punitive damages, they are dismissed.

■ The final issue to be addressed is whether Count XIII of the complaint, which charges defendants with violations of the RICO statute, states a cause of action. RICO was enacted as part of the Organized Crime Control Act of 1970, the purpose of which was "to seek the eradication of organized crime in the United States." 84 Stat. at 923. The statute contains both civil and criminal penalties for a violation of its provisions. According to section 1962, the following acts are prohibited by RICO: (1) the use or investment of income derived from a pattern of racketeering activity to acquire an interest in or to establish or to operate an enterprise; (2) the acquisition or maintenance of an interest in or control of an enterprise through a pattern of racketeering activity; (3) the conduct of or participation in the conduct of the affairs of an enterprise through a pattern of racketeering activity by a person employed by or associated with the enterprise; and (4) the conspiracy to do any of the above acts. 18 U.S.C. § 1962. "Racketeering activity" is defined by the statute to include a variety of acts that are prohibited by state and federal law, as well as "fraud in the sale of securities." 18 U.S.C. § 1961(1). A civil remedy is given to "[a]ny person injured in his business or property by reason of a violation of section 1962," who may recover treble damages and attorney's fees. 18 U.S.C. § 1964.

The courts are in dispute as to what a plaintiff must allege to state a RICO civil cause of action. For example, some courts have required an allegation connecting the defendant to organized crime, *see, e.g., Noonan v. Granville-Smith*, 537 F.Supp. 23 (S.D.N.Y.1981); *Adair v. Hunt Internat'l Resources Corp.*, 526 F.Supp. 736 (N.D.Ill.1981); *Barr v. WUI/TAS, Inc.*, 66 F.R.D. 109 (S.D.N.Y.1975), while others have rejected this requirement. *E.g., Hanna Mining Co. v. Norcen Energy Resources Ltd.*, [1982] Fed.Sec.L.Rep. (CCH) ¶ 98,742 (N.D.Ohio 1982); *Prudential Lines, Inc. v. McKeon*, No. 80 Civ. 5853, (S.D.N.Y. Apr. 21, 1982); *Hellenic Lines, Ltd. v. O'Hearn*, 523 F.Supp. 244 (S.D.N.Y.1981). While the court is of the

opinion that the defendant's association with organized crime is not an essential element of a civil RICO claim, *see United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), it need not resolve that issue because Count XIII must fall for another reason.

Defendants claim that Count XIII does not state a cause of action under RICO because plaintiffs do not allege injury from a violation of section 1962. According to defendants, whatever injuries plaintiffs have sustained stem solely from the alleged fraud committed by defendants, which is not the type of injury that is cognizable in a civil action brought pursuant to section 1964. In *Moss v. Morgan Stanley Inc.*, 553 F.Supp. 1347 (S.D.N.Y. 1983), Judge Pollack held that, to maintain a civil RICO action, the plaintiff's injury must have been caused by a violation of section 1962 and not merely by the commission of an offense that is included within the statute's definition of racketeering activity, such as securities fraud. *Id.* at 1360 & 1361. *See also Landmark Sav. & Loan v. Loeb Rhoades, Hornblower & Co.*, 527 F.Supp. 206 (E.D.Mich.1981). For many of the reasons relied upon by Judge Pollack in *Moss*, the court agrees that the only injury that may be redressed in a civil RICO suit must result from a violation of section 1962.

The facts of this case exemplify the impropriety of allowing a plaintiff to sue under RICO where the harm suffered was triggered solely by a predicate act of racketeering activity. Here, the injuries plaintiffs claim to have sustained were caused by the fraud allegedly practiced by defendants, and, under no circumstances, could the complaint be interpreted as alleging injury from a violation of section 1962. To permit plaintiffs to maintain a civil RICO action under the facts of this case, would mean that a plaintiff with a basic securities fraud claim could attempt to triple the amount of its recovery by suing under RICO. The court finds that such a result would be untenable. Count XIII accordingly must be dismissed.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted in the following respects: (1) all of the claims asserted against Drexel are dismissed; (2) Counts I, II and III of the complaint are dismissed insofar as they allege claims under the IAA and Count VII is dismissed insofar as it alleges a cause of action under Rule 405 of the NYSE; (3) the punitive damages requests contained in Counts VI and VIII are stricken; and (4) Counts IV and XIII are dismissed in their entirety.

SO ORDERED.