**HAROCO, INC., et al., Plaintiffs,**

v.

**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, et al., Defendants.**

**No. 83 C 1618.**

United States District Court, N.D. Illinois, E.D.

July 28, 1983.

Joel M. Hellman, Aram A. Hartunian, Ronald L. Futterman, Robert C. Howard, Hartunian, Futterman & Howard, Chtd., Chicago, Ill., for plaintiffs.

Donald E. Egan, Michael Wm. Zavis, Lee Ann Watson, Robert M. Sulkin, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, Senior District Judge.

Plaintiffs, Haroco, Inc., Roman Ceramics, Inc., California Originals, Inc., and Mike Wayne Distilled Products Co., brought this action on behalf of themselves and a class of other entities similarly situated against defendants, American National Bank & Trust Co. of Chicago ("ANB"), Walter E. Heller International Corp. ("Heller"), and Ronald J. Grayheck ("Grayheck") for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiffs also have pendent state claims against ANB for breach of contract, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat., ch. 121½, § 262, and breach of fiduciary duty. Jurisdiction is founded on 18 U.S.C. § 1964(c), which provides that, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Defendants have moved to dismiss the complaint [1] for failure to state a claim upon which relief can be granted.

### I. *Factual Background.*

In ruling on a motion to dismiss, the court must "take [the plaintiff's] allegations to be true, and view them, together with reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff." *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Plaintiffs here allege that they borrowed sums in the millions of dollars from ANB for which purpose they signed promissory notes reciting the rates of interest they agreed to pay to ANB. In each of the loans in question the rate of interest was stated as "one per cent over the bank's prime rate." ANB explicitly defined its "prime rate" as "[t]he rate of interest charged by the bank to its largest and most creditworthy commercial borrowers for 90-day unsecured commercial loans." Complaint, ¶ 14. Plaintiffs contend that ANB, acting in part through defendant Grayheck, an officer and director of ANB, conceived and executed a plan to defraud them by setting the interest rate for the loans at one percent over the prime rate and then actively concealing ANB's actual prime rate, which, presumably, was measurably less than ANB represented it to be to the plaintiffs. Mail fraud in violation of 18 U.S.C. § 1341 is alleged insofar as the defendants furthered their fraud by using the United States Postal Service for delivery and receipt of notices to borrowers of changes in interest rates and payments of interest made to ANB by plaintiffs and other borrowers. Heller allegedly conducts a substantial portion of its commercial banking business through ANB, a wholly owned subsidiary.

### II. *Discussion.*

Defendants have moved to dismiss the RICO counts against ANB (Count I) and

---

1. Plaintiffs filed an amended complaint in response to the defendants' initial motion to dismiss. As the defendants have renewed their motion to dismiss, contending that the amendments do not cure the essential flaws of the original complaint, the court will address the complaint as amended. Therefore, all references in this opinion to "the complaint," are to the amended complaint.

Heller and Grayheck (Count II) on the grounds that they fail to comply with the prerequisites for a civil action under RICO. Specifically, defendants contend that (1) neither count adequately identifies the separate "person" and "enterprise" required by 18 U.S.C. § 1962(c), and (2) neither count sufficiently alleges that the plaintiffs suffered an injury "by reason of a violation of section 1962," as required by 18 U.S.C. § 1964(c). As the court's disposition of the second objection is dispositive of the case, only that issue will be addressed.

The damages sought by the plaintiffs in their RICO counts are three times (pursuant to 18 U.S.C. § 1964(c)) "the excessive interest paid by plaintiffs and the class members." Thus, the injury the plaintiffs suffered was the excessive interest they paid by reason of the defendants' allegedly fraudulent misrepresentation of their prime rate. Defendants contend that such an injury is not compensable under 18 U.S.C. § 1964, which provides relief only for injuries suffered "by reason of a violation of section 1962 ..." This is the so-called "RICO injury" requirement, analogous to the "antitrust injury" requirement enunciated by the Supreme Court in *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977). In that case, the Court held that, in order to recover the enhanced remedy of treble damages provided in the Clayton Act for injuries suffered "by reason of anything forbidden in the antitrust laws," 15 U.S.C. § 15, "[p]laintiffs must prove *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants acts unlawful." *Brunswick*, 429 U.S. at 489, 97 S.Ct. at 697 (emphasis in original). Thus, the mere fact that a defendant had violated the antitrust laws and that a plaintiff had suffered injury was insufficient for that plaintiff to state a cause of action for treble damages against that defendant; only a special kind of injury merited that degree of compensation.

Like the Clayton Act, RICO provides an enhanced remedy in the form of treble damages for certain kinds of injuries. While violations of other statutes (e.g., the mail fraud statute) may form the predicate for a RICO violation, RICO damages are available only (1) where the other requirements for a RICO violation (e.g., "enterprise," "pattern of racketeering activity," etc.) are present, and (2) for injuries suffered *by reason of the RICO violation*, and not by reason of the predicate violation. This "RICO injury" requirement, which is supported by the plain language of the statute and by the Supreme Court's gloss on the analogous language of the Clayton Act, has won wide acceptance in the federal courts. *See, e.g., Bankers Trust Co. v. Feldesman*, 566 F.Supp. 1235 at 1241 (S.D.N.Y.1983) ("plaintiff's injury to be cognizable under RICO must be caused by a RICO violation and not simply by the commission of a predicate offense, such as mail fraud ..."); *Richardson v. Shearson/American Express Co., Inc.*, 573 F.Supp. 133 at 137 [Current] Fed.Sec.L. Rep. (CCH) ¶ 99,145, at p. 95,526 (S.D.N.Y. 1983). ("[T]he injuries plaintiffs claim to have sustained were caused by the fraud allegedly practiced by defendants, and under no circumstances, could the complaint be interpreted as alleging injury from a violation of section 1962.") *Moss v. Morgan Stanley, Inc.*, 553 F.Supp. 1347 at 1361 [Current] Fed.Sec.L.Rep. (CCH) ¶ 99,-045, at p. 94,982 (S.D.N.Y.1983) ("plaintiff's injury to be cognizable under RICO must be caused by a RICO violation and not simply by the commission of a predicate offense, such as mail fraud ..."); *Erlbaum v. Erlbaum*, [1982] Fed.Sec.L.Rep. (CCH) ¶ 98,772 at p. 93,922 (E.D.Pa.1982) (plaintiff's injury "stems solely from defendants' acts of mail fraud. Therefore, she has not been injured 'by reason of a violation of section 1962' ..."); *Johnsen v. Rogers*, 551 F.Supp. 281, 284–285 (C.D.Cal. 1982) ("a plaintiff ... must allege a 'racketeering enterprise injury' to recover treble damages under RICO .... [T]he injury to which plaintiffs refer is merely the direct injury caused by the predicate acts of securities fraud."); *Harper v. New Japan Securities International, Inc.*, 545 F.Supp.

1002, 1007 (C.D.Cal.1982) ("plaintiff must allege not only injury from the predicate offenses, but injury of the type the RICO statute was intended to prevent"); *Van Schaick v. Church of Scientology of California, Inc.*, 535 F.Supp. 1125 (D.Mass. 1982) (RICO count based on mail fraud dismissed for failure to allege RICO injury); *Salisbury v. Chapman*, 527 F.Supp. 577, 580 n. 4 (N.D.Ill.1981) (mail fraud as "racketeering" element; "Section 1964(c) should be read to require a nexus between the nature of the violation of Section 1962 and the nature of the injury to the plaintiff."); *Landmark Savings & Loan v. Loeb Rhoades, Hornblower & Co.*, 527 F.Supp. 206, 208–209 (E.D.Mich.1981) ("something more or different than injury from predicate acts is required for a plaintiff to have standing to recover treble damages under the RICO statute ... [T]he plaintiff's fraud claims are simply that the plaintiff suffered an injury by reason of fraud in which the mails happened to be used.") *But see Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), and *Windsor Associates, Inc. v. Greenfeld*, 564 F.Supp. 273 (D.Md.1983).

The Seventh Circuit has never addressed the question of the "RICO injury" requirement. In its recent decision in *Schacht v. Brown*, 711 F.2d 1343 (7th Cir.1983), the court rejected the so-called "competitive injury" requirement adopted by many of the courts cited above as an additional precondition for section 1964(c) standing. The competitive injury requirement, also based on analogies to the antitrust laws, limited private RICO recovery to persons injured as *competitors* to those enterprises operated through a pattern of racketeering activity. The Seventh Circuit held that "the erection of a 'competitive' or 'indirect' injury barrier to RICO recovery comports with neither the plain language nor the central goal of the statute." *Schacht*, at 1358.

Even in rejecting the competitive injury requirement, the Seventh Circuit recognized that the "RICO injury" (or, "by reason of") requirement relied on by many of the same courts is a separate and distinct requirement. Indeed, at least two of the courts which adopted both requirements explicitly distinguished the nature and rationale of the two. *See Harper, supra,* 545 F.Supp. at 1008, and *Landmark, supra,* 527 F.Supp. at 208–209 ("Competitive injuries and racketeering enterprise injuries would frequently overlap, but they are not necessarily the same."). The Seventh Circuit in *Schacht* expressly declined to reach the issue of the "RICO injury" requirement because it found that the complaint in question *did* "allege an injury to [the plaintiff] by reason of the operation of a separate enterprise ... through a pattern of racketeering activity." *Schacht*, at 1358.

The plaintiff in *Schacht* was the Acting Director of the Illinois Department of Insurance ("the Director"), acting as the Liquidator (and successor-in-interest) of Reserve Insurance Company ("Reserve"). While the predicate offense in *Schacht*, as here, involved fraud, the allegation was that "Reserve suffered from the defrauding of *the State Department of Insurance* [by the defendants]." *Ibid.* (emphasis added). The court emphasized that "[t]he Director does not allege that the predicate fraudulent acts were aimed directly at Reserve, as was the case with the plaintiffs in *Johnsen* [, *supra* ]; *Bays v. Hunter Savings Association*, 539 F.Supp. 1020, 1024 (S.D.Ohio 1982); [*Harper, supra* ]; and *Erlbaum*[, *supra* ] ..." *Ibid.* Thus, those cases in which the "RICO injury" requirement was found essential but wanting were distinguished by the Seventh Circuit as cases in which the predicate fraudulent acts had been directed at the putative RICO plaintiff—as is precisely the situation here. Accordingly, this court rejects the suggestion that the *Schacht* decision stands as a barrier to this court adopting the persuasive and nearly universal position that a plaintiff's injury to be cognizable under RICO must be caused by a RICO violation and not simply by the commission of predicate offenses, such as acts of mail fraud. Accordingly, since the only injuries the plaintiffs allege were direct consequences of instances of mail fraud and were not produced "by reason of a viola-

tion of section 1962," their RICO claims must be dismissed. As the jurisdiction of this court over their remaining state claims is founded exclusively on the pendent nature of those claims, the state claims must fall as well.

III. *Conclusion.*

For the reasons stated above, defendants' motion to dismiss is granted, and this cause is ordered dismissed.