OPINION OF THE COURT
Barbara R. Kapnick, J.
Defendant Robert D. Rosenberg moves, pursuant to CPLR *195 3211 (a), for an order dismissing the complaint, which alleges one cause of action for faithless servant and a second cause of action for breach of employee fiduciary duty. Defendant argues that the complaint is barred by the doctrine of in pari delicto, the ratification doctrine and that the claims are time-barred by the applicable statute of limitations. Plaintiff, Teneyck, Inc., formerly known as Neill Supply Co., Inc. (Neill Supply or plaintiff), was at all relevant times wholly owned by nonparty Bernard Grobart and, at all relevant times, defendant was employed by plaintiff as its president.
Neill Supply previously operated as a wholesale distributor of pipes, valves, and fittings, and a fabricator of fire sprinkler systems for commercial, industrial and residential buildings. (Complaint ¶ 9.) From November 2003 through August 2008, Messrs. Grobart and Rosenberg apparently conspired to pay bribes to James A. Woodason, who was then the deputy manager of Con Edison’s purchasing department, in exchange for which Woodason secretly gave them competitive bid information that allowed plaintiff to underbid other vendors and, as such, to win a lucrative five-year pipe supply contract.
Plaintiff and Grobart were prosecuted for their role in the bribery scheme in a proceeding in the United States District Court for the Southern District of New York, captioned United States v Grobart (US Dist Ct, SD NY, No. 11-cr-269, Jan. 17, 2012, Gardephe, J.). Defendant Rosenberg was also prosecuted for his role in this scheme in United States v Rosenberg (US Dist Ct, SD NY, No. 10-cr 1195).
As summarized by Southern District Judge Paul G. Gardephe, who sentenced both plaintiff and Grobart on January 17, 2012:
“From November 2003 through August 2008, Mr. Grobart and his company — now known as Teneyck, formerly known as Neill Supply Company — engaged in a scheme to unlawfully obtain a contract from Con Edison by furnishing bribes to a Con Edison employee named James Woodason. Mr Woodason was involved in the awarding of contracts by Con Edison to companies via what was supposed to be a competitive bidding process. In 2003, Robert Rosenberg . . . brokered a deal between Mr. Grobart and Neill Supply on one hand and Mr. Woodason on the other, whereby Mr. Grobart and Neill Supply would pay a bribe to Woodason in exchange for Woodason steering a Con Edison contract to Neill Supply.” (Emphasis added.)
*196 Thereafter, in March of 2012, plaintiff commenced this action against Rosenberg, a cooperating witness, who has pleaded guilty to conspiracy to commit bribery and wire fraud, pursuant to 18 USC § 371, but who had not been sentenced prior to oral argument on this motion.
The damages that plaintiff seeks in each cause of action alleged in the complaint include the recovery of $950,000 that defendant received in commissions for the sales to Con Edison, plus $435,000 in base salary, $41,000 in medical expense reimbursement payments, and $219,500 in sales and related business expenses, that defendant received in the five years that the bribes were being paid.
“In pari delicto means ‘of equal fault’ and has been applied by the courts to deny recovery to a plaintiff whose losses were caused by his own fault that is at least equal to or substantially equal to that of the defendant.” (Richardson v Shearson/American Express Co., Inc., 573 F Supp 133, 135 [SD NY 1983] [citations omitted].) “A court of law will not lend its aid to either of the parties to an illegal or fraudulent transaction.” (Furman v Furman, 178 Misc 582, 586 [Sup Ct, NY County 1941], affd 262 App Div 512 [1st Dept 1941], affd per curiam 287 NY 772 [1942]; see also Kirschner v KPMG LLP, 15 NY3d 446 [2010]; McConnell v Commonwealth Pictures Corp., 7 NY2d 465 [1960]; Sirkin v Fourteenth St. Store, 124 App Div 384 [1st Dept 1908].)
The Court of Appeals in Kirschner stated that
“[t]he doctrine of in pari delicto mandates that the courts will not intercede to resolve a dispute between two wrongdoers. This principle has been wrought in the inmost texture of our common law for at least two centuries. The doctrine . . . avoids entangling courts in disputes between wrongdoers. . . .
“Indeed, the principle that a wrongdoer should not profit from his own misconduct is so strong in New York that we have said the defense applies even in difficult cases and should not be weakened by exceptions.” (15 NY3d at 464 [citations and internal quotation marks omitted].)
On the other hand, however,
“it is true that where the parties are not equal in guilt (in pari delicto) but where one of them, although participating in the wrong, is less guilty than *197 the other, the party more at fault cannot employ the doctrine of pari delicto to shield his deliberate invasion of the rights of the former. In such a situation, the parties are said to be in particeps criminis and not in pari delicto, and a law court will grant relief to the less guilty of the parties who has suffered a deliberate wrong.” (Furman, 178 Misc at 586.)
Plaintiff argues that the doctrine is inapplicable here, because defendant’s fault is greater than that of plaintiff, or at least it is an issue of fact which cannot be determined on a motion to dismiss. Plaintiff also argues that defendant’s motion is premature, inasmuch as defendant has not yet been sentenced, and is subject to a far more serious punishment than plaintiff.
The court finds plaintiffs arguments to be without merit. According to the plea agreement, dated March 10, 2011, which was entered into by Grobart, both for himself and for Teneyck, Inc., formerly known as Neill Supply Co., Inc.,* plaintiff pleaded guilty to a one-count information charging it with a violation of 18 USC § 371 in connection with a conspiracy to pay bribes in violation of 18 USC § 666 (a) (2) and commit wire fraud under 18 USC §§ 1343 and 1346. Rosenberg also entered into a plea agreement with the United States of America, dated December 2, 2010, in which he pleaded guilty to a one-count information charging him with a violation of 18 USC § 371 in connection with a conspiracy to commit bribery and wire fraud in violation of 18 USC §§ 666 (a) (2) and 1343. Therefore, it cannot be disputed that plaintiff and defendant each pleaded guilty to the same one-count information and defendant’s fault is equal to plaintiffs. Therefore, there is no need to impute Grobart’s acts to Neill Supply, since plaintiff itself has pleaded guilty to the one-count information.
Here, unlike in the Richardson case, there is a developed record in the prior criminal cases and plea agreements that detail the parties’ admissions of guilt to the same counts. Thus it is not “impossible to measure the relative fault of the parties” at this stage of the litigation, like it was in the Richardson case. (573 F Supp at 135.)
Finally, plaintiff argues that the “adverse interest exception” to the in pari delicto doctrine applies here and bars dismissal of the complaint at this stage. (Mem of law in opposition at 6-7.) The adverse interest exception, however, is an exception to the *198 imputation of an insider’s acts to a corporation, not a direct exception to the in pari delicto doctrine. (See Kirschner at 466-467; Center v Hampton Affiliates, 66 NY2d 782, 784 [1985].) “This exception provides that when an agent is engaged in a scheme to defraud his principal . . . , the presumption that knowledge held by the agent was disclosed to the principal fails because he cannot be presumed to have disclosed that which would expose and defeat his fraudulent purpose.” (Hampton Affiliates, 66 NY2d at 784 [citations omitted].) Thus, the adverse interest exception applies when “the insider’s misconduct benefits only himself or a third party; i.e., where the fraud is committed against a corporation rather than on its behalf.” (Kirschner, 15 NY3d at 466-467.) Here, although plaintiff alleges in paragraph 44 of the complaint that Rosenberg acted “in furtherance of his own economic gain and with blatant disregard for its effect on Teneyck, its employees, and [its] suppliers and customers,” this cannot be taken as true, even on this motion to dismiss, in light of the guilty plea entered by plaintiff, where plaintiff admitted to committing the same acts as defendant.
Accordingly, the motion to dismiss is granted and the complaint is dismissed with prejudice and without costs or disbursements.

 The court notes that the plea agreement was also signed by separate counsel for Bernard Grobart and for Neill Supply.