■ WILLIAM T. CANTLIN, JR., Appellant-Respondent, v BETTY CANTLIN, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by judgment dated May 8, 1979, the plaintiff husband appeals from so much of an order of the Supreme Court, Westchester County (McMahon, J.), dated May 9, 1985, as, after a hearing, granted him a downward modification in weekly alimony payments only to the

extent of reducing those payments from $123 to $100 and granted the defendant wife leave to seek an upward modification in the event his income increases substantially, and the defendant cross-appeals from so much of the same order as granted the plaintiff's application for a downward modification in weekly alimony payments, and denied her application for attorney's fees.

Ordered that the order is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Westchester County, for an expedited hearing on the issue of the parties' financial status, including their income and expenses for the purpose of fixing alimony, with costs to abide the event. All weekly alimony payments are stayed pending the final determination.

At issue on this appeal is a separation agreement entered into between the parties on March 2, 1978, and incorporated but not merged into a judgment of divorce dated May 8, 1979. The separation agreement, in pertinent part, provided in the ninth paragraph thereof that: "(c) In the event the Husband becomes disabled, unemployed (through no fault of his own) or retires from his current position with the White Plains Fire Department, and his retirement income is substantially lower than his current earnings as represented herein, then, in that event, the Husband has the right to petition a New York court of competent jurisdiction to obtain a downward modification of the aforesaid alimony payments to the Wife based on a showing of a substantial change in circumstances. It is understood and agreed that until the Husband becomes disabled, unemployed or retires and prior to filing a petition to a court of competent jurisdiction in New York State, the Husband agrees to pay the Wife the sum of $6,400 per year as and for her alimony, support and maintenance, provided, however, that both issue are emancipated. Said $6,400 shall be paid in equal weekly installments of $123 per week and are payable to the Wife by the Husband until the Husband dies, the Wife dies, the Wife remarries, or until a court of competent jurisdiction modifies said sum based on the Husband's showing of a substantial change of circumstances". The plaintiff husband's gross income was represented in paragraph eight of the separation agreement as being $17,000 per annum.

By notice of motion dated November 5, 1984, the husband moved for a downward modification of the alimony provisions of the separation agreement. The husband claimed changed circumstances on the ground of his retirement from the White

Plains Fire Department, and the concomitant decrease in his annual income.

Following a hearing on the motion, Special Term determined, *inter alia,* that a downward modification of the alimony payments was warranted on the basis of a substantial change of circumstances. Specifically, the court found that the husband had voluntarily retired from the Fire Department, his yearly retirement income of approximately $14,000 was substantially lower than his earnings as represented in the separation agreement, and such reduction in earnings of $3,000, or 18%, warranted a similar 18% reduction in the weekly alimony award. In view of its finding, Special Term reduced the alimony award to $100 per week. The court refused to consider the wife's income of approximately $16,500 a year as a legal secretary in making its determination, stating that the separation agreement reflected the entire agreement between the parties.

This matter is governed by pre-Equitable Distribution Law since the parties entered into the separation agreement prior to the effective date of that law (Domestic Relations Law § 236 [B], L 1980, ch 281, § 9, eff July 19, 1980; *De Jose v De Jose,* 66 NY2d 804). As a general rule, under the former law, an unmerged agreement for the payment of alimony was an enforceable contract, the terms of which the courts of this State possessed only limited authority to alter *(see, e.g., Kleila v Kleila,* 50 NY2d 277, 283; *Goldman v Goldman,* 282 NY 296). Thus, an obligation to pay alimony contained in an unmerged separation agreement generally could not be changed *(see, e.g., Kleila v Kleila, supra; Burtch v Burtch,* 98 AD2d 704).

The instant case presents a unique situation. By adopting paragraph nine the parties contractually agreed to be bound by a modification of the alimony provision made by the court upon application of the husband in the event that one of three triggering events specified in the separation agreement occurred. The husband's retirement from the Fire Department and the substantial reduction in his income following his retirement constituted one of the triggering events and, therefore, the husband properly petitioned Special Term for a downward modification of the alimony payments. We further believe that upon the happening of the triggering event of his retirement the agreement insofar as it related to the payment of alimony was no longer binding on the court. Accordingly, Special Term, in ruling upon the application for a downward modification was not bound by the terms of the separation

agreement but could make a de novo determination taking into consideration the financial resources and circumstances of *each* of the parties. The record indicates that the wife's annual income has increased to $16,500 since the time of the agreement while the husband's income has been reduced by $3,000. At the time of the hearing, the wife was earning $2,500 a year more than the husband and, therefore, a downward modification in alimony appears to be warranted. However, the record on appeal is not adequate for us to determine the needs and expenses of the parties or the husband's employment potential. A new hearing is required to consider these issues in greater detail.

We also note that although Special Term properly granted leave to the wife to seek an upward modification of alimony in the event of a subsequent change of financial circumstances, it erred in placing a cap of $123 a week on any future award. The court should consider the changed circumstances of the parties upon which the application is based, and make a determination unlimited by the amount of alimony awarded in the separation agreement.

We have considered the parties' remaining claims and find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.