(December 14, 1987)

■ EDITH ADLER, Appellant, v RICHARD ADLER, Respondent. —In a matrimonial action, in which the parties were granted a judgment of separation entered June 16, 1978, the wife appeals, as limited by her brief, from so much of an amended resettled judgment of separation of the Supreme Court, Suffolk County (Kutner, J.), entered May 27, 1986, as granted the husband's motion for a downward modification of his spousal support obligations under the judgment of separation. The notice of appeal from the decision of the same court dated January 3, 1986 is deemed a premature notice of appeal from the amended resettled judgment of separation.

Ordered that the amended resettled judgment of separation is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

In 1977 the Family Court directed the husband to pay the sum of $100 every week to the wife for her support. The Family Court granted leave to the husband to apply for a reduction of his spousal support obligation in the event the wife became employed. On April 10, 1978, the parties appeared in Supreme Court, Suffolk County, and entered into a stipulation on the record which reflected their agreement to continue the provisions of the Family Court order. A subsequent judgment of separation entered June 16, 1978 also provided for a continuation of the Family Court order.

By motion brought on by order to show cause dated August 29, 1985, the wife sought, *inter alia*, a judgment of $1,500 against the husband, representing arrears of spousal support.

The husband cross-moved for an order modifying the provision of the judgment of separation which, based upon the prior stipulation to continue the Family Court order, required him to pay the wife $100 per week. The Supreme Court granted the application for a money judgment, and also granted the husband's cross motion to the extent of deleting the requirement that he pay $100 per week in support. The wife now appeals from the latter aspect of the Supreme Court's order.

Contrary to the wife's argument on appeal, the Supreme Court has the power to modify the husband's obligations regarding spousal support upon a showing that there has been a substantial change in circumstances (Domestic Relations Law § 236 [A] [1]; *Dunn v Dunn,* 124 AD2d 309, 310; *De Paolo v De Paolo,* 104 AD2d 631, 632; *Buchman v Buchman,* 61 AD2d 973, 974). In fact, the original Family Court order, which the parties agreed to continue, expressly permitted the husband to seek a downward modification of his alimony obligation in the event that the wife became employed. Under these circumstances, the Supreme Court was clearly empowered to grant such an application *(see, Cantlin v Cantlin,* 126 AD2d 594). However, although many of the husband's allegations concerning the wife's current earning capacity are uncontradicted, we find that a hearing should be held so as to permit a full development of all the issues bearing on whether, and to what extent, the husband's spousal support obligations should be reduced *(see, Levinson v Levinson,* 97 AD2d 458, 460). We therefore remit the matter for a hearing. Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.