◼ In the Matter of MARTYNE WOLLER, Appellant, v SHELDON WOLLER, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the petitioner wife appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Gilman, J.), entered September 13, 1985, as, after a hearing, denied that branch of her petition which was for an upward modification of alimony and granted that branch of the husband's cross petition which was for a downward modification of alimony to the extent of directing that his alimony obligations shall continue for six months and then terminate.

Ordered that the order is modified, on the law and the facts and in the exercise of discretion, by deleting from the second decretal paragraph thereof the provision terminating alimony payments within six months from the date of the order; as so modified, the order is affirmed insofar as appealed from, with costs payable to the petitioner.

Following a protracted hearing, the Family Court ordered that the husband's obligation to pay alimony in the sum of $100 per week was to terminate within six months of the date of the order appealed from. The record, however, reveals that the husband's cross petition for a downward modification of alimony was predicated upon allegations that the petitioner wife should be required to contribute to the support of the parties' two children. He did not affirmatively seek a complete termination of alimony. It was improper for the Family Court to have ordered a termination of alimony in the absence of a formal application for such relief *(see, Derosia v Derosia,* 61 AD2d 885; *Gottlieb v Gottlieb,* 50 AD2d 921).

In any event, the record does not support a finding of a change in circumstances sufficient to warrant a complete termination of the husband's alimony obligation *(see, Baia v Baia,* 129 AD2d 988; *Tumolillo v Tumolillo,* 71 AD2d 625, *affd* 51 NY2d 790; *Sterlace v Sterlace,* 52 AD2d 743). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.