**Hwesu S. MURRAY, Plaintiff,**

v.

**NATIONAL BROADCASTING COMPANY, INC., Brandon Tartikoff, the Carsey–Werner Company, Marcia Carsey and Thomas Werner, Defendants.**

No. 85 Civ. 7675 (MGC).

United States District Court,
S.D. New York.

Aug. 31, 1989.

**250**

Hwesu S. Murray, Mt. Vernon, N.Y., pro se.

Cahill Gordon & Reindel by Susan Buckley, Lisa Pearson, James Sandnes, New York City, for defendant National Broadcasting Co., Inc.

CEDARBAUM, District Judge.

On July 15, 1987, this Court granted summary judgment for defendant National Broadcasting Company, Inc. ("NBC") and against plaintiff Hwesu S. Murray. *See Murray v. National Broadcasting Company, Inc.,* 671 F.Supp. 236 (S.D.N.Y.1987), *aff'd,* 844 F.2d 988 (2d Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988). NBC now moves pursuant to 28 U.S.C. §§ 1651 and 2283 to enjoin Murray from prosecuting a new action entitled *Murray v. National Broadcasting Company, Inc.,* Index No. 13100/89, in the Supreme Court of New York County. NBC argues that an injunction should issue because Murray is raising in his new state court action the same claims that were previously decided in this case. Murray argues that 28 U.S.C. § 2283 bars this Court from enjoining a state court proceed-

ing, and that in any event an injunction is inappropriate because the claims in the state court proceeding were not decided by this Court.[1]

28 U.S.C. § 1651(a) provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

But the Anti–Injunction Act, 28 U.S.C. § 2283, generally prohibits a federal court from enjoining state court proceedings. The Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Act sets out three exceptions to the general rule barring a federal court from enjoining state court proceedings. The third exception, "to protect or effectuate its judgments" (commonly referred to as the "relitigation exception"), is applicable here. In *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), the Supreme Court discussed the underlying rationale of the relitigation exception. The Supreme Court noted that the exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Id.* 108 S.Ct. at 1690. The Court held that "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* This prerequisite to the application of the relitigation exception is "strict and narrow." *Id.*

NBC argues that all the claims that Murray is asserting in his state court action

**1.** Plaintiff, a law school graduate, was represented by counsel throughout the prior proceedings in this case. In responding to this post-judgment motion, he appears for the first time without counsel.

have already been decided in this case. In the complaint in this action, Murray alleged that NBC had based the weekly series *The Cosby Show* on a proposal entitled "Father's Day" that he had submitted to NBC. Murray asserted the following claims arising from NBC's alleged appropriation of his "Father's Day" proposal: (1) misappropriation; (2) conversion; (3) breach of implied contract; (4) unjust enrichment; (5) fraud; (6) false designation of origin under the Lanham Act, 15 U.S.C. § 1125; and (7) race discrimination under 42 U.S.C. §§ 1981 and 1982. He sought, *inter alia,* a declaratory judgment that he "is the sole owner of all rights in and to the idea, proposal and property of ... Father's Day and all exploitations thereof." In granting NBC's motion for summary judgment, I determined that "Father's Day" was not property subject to legal protection under New York law.

In the state action, Murray again alleges that NBC based *The Cosby Show* on his "Father's Day" proposal. He asserts claims of (1) misappropriation; (2) conversion; (3) breach of implied contract; (4) unjust enrichment; (5) fraud; (6) breach of duty of care; (7) unfair competition; and (8) race discrimination under the New York State Constitution. Murray seeks the same relief that he sought in the federal action. He also seeks a declaratory judgment that his rights "encompass all right, title and interest in and to the 'Spin–Off' of *The Cosby Show, A Different World.*"

The first five claims in the new action are the same claims previously decided by this Court, and thus fall squarely within the protection of the relitigation exception. Murray attempts to distinguish the new claims on the ground that they are not based on the idea embodied in his "Father's Day" proposal, but on other forms of property for which he is entitled to protection. These alleged forms of property include original treatment, story, literary property, program format, narrative synopsis and literary material. These words are just different terms for what I described as an "idea" in my opinion granting summary judgment for NBC. Murray cannot circumvent a final judgment of this Court simply by using different words to characterize his "Father's Day" proposal. Therefore, an injunction to stay proceedings on the first five claims of Murray's new suit is warranted.

The remaining three claims in the state court action were not asserted in the federal action, and therefore were not expressly decided. While these claims are barred by the federal doctrine of res judicata because they could have been raised previously in this case, *see Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981), "[t]he relitigation exception does not protect the full res judicata effect of a federal court's judgment; rather, it protects only matters that actually have been decided by a federal court." *Staffer v. Bouchard Transp. Co., Inc.,* 878 F.2d 638, 643 (2d Cir.1989). However, the issue of whether Murray's "Father's Day" proposal is property subject to legal protection under New York law was expressly decided. In the federal action, I held that "Father's Day" was not sufficiently novel to constitute such property. In order to protect the collateral estoppel effect of the judgment, this issue may not be relitigated in Murray's Supreme Court suit.

For the reasons discussed above, an injunction shall issue to stay proceedings in *Murray v. National Broadcasting Company, Inc.,* Index No. 13100/89, in the Supreme Court of New York County on the first five claims of the complaint. As to the rest of the complaint, the state proceedings shall be stayed only with respect to the issue of whether "Father's Day" is protectible property.

Settle judgment on notice by September 7, 1989.

SO ORDERED.