■ In the Matter of EDWARD A. ZAMJOHN, Appellant, v BARBARA ZAMJOHN, Respondent.—Weiss, J. Appeal from an order of the Family Court of Schoharie County (Lamont, J.), entered April 12, 1990, which, *inter alia,* in a proceeding pursuant to Family Court Act article 4, modified a maintenance provision of a judgment of divorce.

After 26 years of marriage and four children the parties were divorced by judgment entered on December 14, 1981. The judgment incorporated the terms of a stipulated settlement agreement, but provided that the agreement was to survive the judgment. The agreement and judgment provided for lifetime maintenance to be paid to respondent at a rate of 30% of petitioner's gross pay, not including overtime or other income. It was also provided that if at any time petitioner's gross full-time (annual) pay was less than $15,000, maintenance or support could be fixed by the appropriate Family Court to which further support issues were referred.

In 1985, the parties entered into an agreement which, *inter alia,* provided for lifetime maintenance at the rate of $115 per week, stating that this provision replaced the 30% provision. The agreement further stated, "The parties hereby acknowledge that * * * the judgment of divorce can be amended nunc pro tunc."

Petitioner remarried and thereafter in 1988 opted for early retirement from State government employment at a time when his salary exceeded $32,000 per year. He selected a reduced lifetime allowance in order to provide his beneficiary with one half of his pension for her lifetime. Immediately after filing retirement papers, petitioner sought to reduce or terminate his maintenance obligation. Family Court dismissed the petition, finding that a downward modification was not justified. This court reversed, holding that Family Court lacked jurisdiction to modify or enforce the amended agreement (158 AD2d 895) and remitted the matter to Family Court to exercise its authority to modify the judgment of divorce to reflect the new agreement or otherwise fix a maintenance

obligation. Upon remittal, the court amended the judgment of divorce and fixed petitioner's maintenance obligation at $115 per week. Petitioner has again appealed.

Petitioner contends that the modification provision of the original stipulation anticipated termination when he no longer received full pay and provided for only a downward modification. We find the stipulation to be clear and unambiguous on its face and without the claimed limitation. Accordingly, Family Court did not err in making a de novo determination after taking into consideration the financial resources and circumstances of each of the parties (see, Cantlin v Cantlin, 126 AD2d 594, 597).

Petitioner next contends that modification to $115 per week was improper in light of his financial circumstances. We disagree. The record demonstrates that petitioner voluntarily took early retirement which substantially reduced his income. In support of his application for a reduction, petitioner's pension was underestimated because several factors not taken into account, such as more months of service credit, higher pay and accrued vacation days, actually increased the amount he received. In addition, petitioner controlled which retirement option was selected and he chose a reduced benefit in order to increase the survivor's rights. Nor did he make a substantial showing that he could not supplement his income through other employment. Petitioner lived in a two-income, two-individual household without children. The house is owned by his new wife and is free and clear without a mortgage. Family Court found that his testimony was evasive and colored on some critical issues.

Petitioner's circumstances contrast sharply with those of respondent, whose net income is only $162 for a 40-hour work week. She has limited training and experience, having devoted many years as a homemaker raising four children. She lives in a trailer home and her housing expense is in excess of $400 per month. Respondent lives modestly but her earnings are insufficient to meet her expenses. These conditions existed only three years prior to petitioner's application when the parties had agreed upon lifetime maintenance of $115 per week. Based upon the entirety of the circumstances, we find ample basis in the record to sustain Family Court's determination, particularly since that court had the advantage of hearing the witnesses and weighing their credibility (see, Matter of Amy J. v Brian K., 161 AD2d 1022, 1023; Matter of Schwartz v Schwartz, 144 AD2d 857, 859-860, lv denied 74 NY2d 604; Alleva v Alleva Dairy, 129 AD2d 663).

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Crew III and Harveỹ, JJ., concur.