■ GEORGE BUSTIN, Appellant, v MIRIAM BUSTIN, Respondent.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Di Fede, J.H.O.), entered May 29, 1990 in Putnam County, which, *inter alia,* denied plaintiff's motion to modify his maintenance payments to defendant.

Plaintiff and defendant were married in New York in 1941 and secured a divorce in Mexico in October 1986. A prior separation agreement was incorporated with, but not merged into, the divorce judgment. Under this agreement plaintiff agreed, *inter alia,* to pay defendant maintenance of $100 per week for the rest of their joint lives as well as hospitalization insurance. Plaintiff subsequently obtained an order to show cause seeking a downward modification of his maintenance obligation on the ground of change of circumstances. Defendant cross-moved for arrears and Supreme Court ordered a hearing. After testimony was taken at a hearing, Supreme Court denied the motion and cross motion, ruling that although there had been a change in the circumstances of the parties, the change was not sufficient to reduce maintenance payments. This appeal by plaintiff ensued.

Plaintiff's argument that Supreme Court erred in failing to consider the increase in defendant's assets, enabling her to now support herself, is without merit. It was incumbent upon plaintiff to demonstrate that "extreme hardship" would result if the support was not reduced rather than showing only a "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b]; *see, Matter of Cohen v Seletsky,* 142 AD2d 111, 117-120; *Heath v Heath,* 128 AD2d 587). Plaintiff has not made the required showing.

The evidence demonstrates that plaintiff's annual income is

approximately $33,000 less expenses of approximately $32,000, including entertainment, gifts, health and automobile insurance and payments to his second wife. Additionally, his assets include one half of $89,500 in home equity, a 1987 automobile and one half of $10,000 in savings. The other half of his home equity and savings belong to his second wife. Significantly, the $5,000 he voluntarily pays to his second wife is not fixed by any judgment and may be changed. While defendant's assets appear sufficient to meet her financial needs at this time, this was but one of the financial circumstances to be considered and need not, of itself, be determinative (see, Cantlin v Cantlin, 126 AD2d 594, 597).

The decision of Supreme Court is amply supported by the evidence and we find no reason to disturb it based on the record before us. If plaintiff's situation materially changes he may, at that time, again seek a modification of his maintenance obligation.

Casey, J. P., Weiss, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.