■ HWESU S. MURRAY, Appellant, v NATIONAL BROADCASTING CO., INC., Respondent.—Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered September 26, 1990, which dismissed the action upon an order of the same court, entered August 30, 1990, which granted the motion of defendant-respondent to dismiss plaintiff's second amended complaint and denied plaintiff's cross-motion to dismiss the asserted defenses, unanimously affirmed, without costs. Appeal from the order of the same court and Justice, entered February 28, 1990, which denied plaintiff's motion for recusal, and appeal from the order of the same court and Justice entered August 30, 1990, which granted the motion of defendant to dismiss the second amended complaint and denied plaintiff's cross-motion to dismiss the asserted defenses, are dismissed as subsumed in the appeal from the judgment, without costs.

In 1980, plaintiff submitted a one page proposal to defendant for a half-hour weekly series entitled "Father's Day" about an African-American middle-class family. Upon request, he fleshed out the concept and submitted a two page proposal

suggesting, *inter alia,* that comedian Bill Cosby play the lead. The proposal was returned with an explanation that defendant was not interested. In 1984, The Cosby Show aired. Plaintiff wrote to defendant claiming that the show had been derived from his proposal, but defendant responded that the proposal had played no role in developing the show.

Plaintiff thereupon commenced an action in the United States District Court for the Southern District of New York against defendant and others seeking a declaration that he was the owner of all rights to The Cosby Show, an injunction, an accounting and damages, both compensatory and punitive. After discovery, defendant moved for summary judgment dismissing the complaint, which motion was granted upon a finding that the proposal was not sufficiently novel to be entitled to protection under New York law. A judgment dismissing the action was affirmed and both a request for a rehearing and a petition for a writ of *certiorari* were subsequently denied *(Murray v National Broadcasting Co.,* 671 F Supp 236, *affd* 844 F2d 988, *cert denied* 488 US 955).

Plaintiff thereafter commenced this action in the New York State Supreme Court seeking identical relief to that sought in the Federal action upon a variety of theories, some of which had been expressly raised in the Southern District and some of which had not. Defendant moved in Federal court to enjoin the State court action and plaintiff, in turn, moved in the IAS court to enjoin defendant's motion in the Southern District. The Federal court granted defendant's motion to the extent of enjoining plaintiff from prosecuting State court claims for misappropriation, conversion, breach of implied contract, unjust enrichment and fraud *(Murray v National Broadcasting Co.,* 718 F Supp 249). It declined to enjoin the claims for negligence, unfair competition, and racial discrimination under the New York Constitution, since these claims, although clearly barred by *res judicata,* had not been expressly asserted in the prior litigation and therefore were precluded from injunction by the Anti-Injunction Act (28 USC § 2283).

The IAS court subsequently denied plaintiff's motion for an injunction but granted him leave to file a second amended complaint in which he set forth causes of action for negligence, a constructive trust, unfair competition and racial discrimination. In this complaint, plaintiff characterized the proposal which is the subject of this litigation as "quasi-property," rather than property.

Defendant moved pursuant to CPLR 3211 to dismiss the

second amended complaint based on the doctrines of *res judicata,* collateral estoppel, statute of limitations and Federal preemption. Plaintiff cross-moved to dismiss the defenses and for summary judgment. The IAS court granted defendant's motion to dismiss, finding that the action arose out of the same transaction as did the Federal court action and that the causes of action presently asserted were barred by the doctrine of *res judicata* since they could have been raised in that earlier action. The final judgment which was entered by the IAS court dismissing the action with prejudice is the subject of the instant appeal.

Plaintiff contends that the IAS court erred in finding that his claims were barred by the doctrine of *res judicata.* The law is to the contrary. "A final judgment on the merits of an action precludes the parties * * * from relitigating issues that were or could have been raised in that action" *(Federated Dept. Stores v Moitie,* 452 US 394, 398). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). Here, there is no question that the granting of summary judgment dismissing the complaint in the Southern District was an adjudication on the merits and therefore entitled to *res judicata* effect *(see, Hubicki v ACF Indus.,* 484 F2d 519; Fed Rules Civ Pro, rule 41 [b]; *see also, Strange v Montefiore Hosp. & Med. Center,* 59 NY2d 737). Moreover, it is clear that the causes of action presented in the second amended complaint arose out of precisely the same facts presented in the Federal action and could have been raised therein. Plaintiff's use of the term "quasi-property" to characterize the proposal which he claims was wrongfully appropriated by defendant in no way obviates the effect of the Federal judgment. Nor does the fact that plaintiff now raises equitable claims require a different conclusion, since *res judicata* bars all subsequent claims arising out of the same transaction, whether in law or in equity, regardless of whether the prior action asserted legal claims only *(see, Furman v Furman,* 178 Misc 582, 585, *affd* 262 App Div 512, *affd* 287 NY 772). Accordingly, the IAS court properly dismissed the instant action with prejudice.

We also find that the court was within its discretion in refusing to recuse itself, as there was no showing of a relationship between the court and any of the parties or counsel *(see, e.g., Corradino v Corradino,* 48 NY2d 894), or any showing of personal interest or extra-judicial bias *(see, Matter of Johnson*

*v Hornblass,* 93 AD2d 732). Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.