■ HWESU S. MURRAY, Appellant, v NATIONAL BROADCASTING CO., INC., Respondent. [626 NYS2d 810] —In an action, inter alia, for a judgment declaring that the plaintiff has certain "quasi-property" rights in the television show known as "The Cosby Show" and its spinoff "A Different World", the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered October 21, 1992, which, inter alia, denied the plaintiff's motion for leave to enter a default judgment, (2) from an order of the same court, entered January 25, 1993, which, inter alia, upon reargument, granted the

defendant's prior motion to dismiss the complaint as barred by the doctrine of res judicata and adhered to its prior determination denying the plaintiff's motion for leave to enter a default judgment, and (3) as limited by his brief, from so much of an order of the same court, entered May 13, 1993, as denied his motions, which were, in effect, to reargue the motions determined by the order entered January 25, 1993.

Ordered that the appeal from the order entered October 21, 1992, is dismissed, as that order was superseded by the order entered January 25, 1993, made upon reargument; and it is further,

Ordered that the appeal from the order entered May 13, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 25, 1993, is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff has no right, title, or interest in the television show known as "The Cosby Show" and its spinoff "A Different World"; and it is further,

Ordered that the plaintiff, and anyone acting on his behalf, is permanently enjoined from instituting or maintaining any action or proceeding against the defendant, its parent, subsidiaries, officers, directors, employees, attorneys, and/or agents, or any action or proceeding in which he asserts, in any way, to be the owner, creator, and/or developer of "The Cosby Show" or asserts any right, title, or interest in "The Cosby Show" or any proceeds therefrom or asserts any claims concerning the submission of his "Father's Day" proposal to the defendant, unless he has received advance approval from the Administrative or Presiding Judge (or his or her designee) of the court in which he seeks to proceed, after that Judge has been provided with copies of the decision of the United States District Court for the Southern District of New York granting summary judgment, the decision of the United States Court of Appeals for the Second Circuit affirming that decision, the decision of the United States District Court enjoining relitigation, the order of the Supreme Court, New York County, dismissing the action in that court, the order of the Appellate Division, First Department, affirming the dismissal of that action, the order of the Supreme Court, Westchester County, dismissing the action in that court, and this decision and order; however, the plaintiff is not precluded from (i) seeking a

direct appeal to the New York Court of Appeals (by that Court's leave as appropriate) of this decision and order or from pursuing any such appeal as to which leave is granted by the Court of Appeals, or (ii) seeking review by the United States Supreme Court, or (iii) pursuing pending post-judgment proceedings in the Federal courts seeking vacatur of the original judgment against him; and it is further,

Ordered that the parties and their attorneys are directed to appear before this Court on May 3, 1995, at 12:00 Noon, for a hearing pursuant to 22 NYCRR 130-1.1 (c) upon the issue of the imposition of appropriate sanctions and costs, if any, against the plaintiff.

The plaintiff began this protracted litigation against the defendant in 1985, when he began an action in the United States District Court for the Southern District of New York (hereinafter the District Court), alleging, essentially, that he had a property interest in the television show known as "The Cosby Show" by virtue of a proposal he had made for a program called "Father's Day". The District Court granted summary judgment to the defendant, finding that the plaintiff's proposal had not been sufficiently novel to create a property interest *(Murray v National Broadcasting Co.,* 671 F Supp 236 [SD NY 1987], *affd* 844 F2d 988 [2d Cir 1988], *cert denied* 488 US 955).

Thereafter, the plaintiff commenced an action in the Supreme Court, New York County, based upon the same claim of an interest in "The Cosby Show" by virtue of the proposal submitted by him to the defendant. The District Court enjoined the plaintiff, pursuant to 28 USC § 2283, from relitigating the same issues decided by that court *(Murray v National Broadcasting Co.,* 718 F Supp 249 [SD NY 1989]). The plaintiff then renamed his claim from one alleging a property right in "The Cosby Show" to one alleging a "quasi-property right". The Supreme Court, New York County, properly dismissed the complaint as barred by the doctrine of res judicata, and the Appellate Division, First Department, affirmed the order of dismissal, stating, *inter alia,* "[h]ere, there is no question that the granting of summary judgment dismissing the complaint in the Southern District was an adjudication on the merits and therefore entitled to *res judicata* effect" *(Murray v National Broadcasting Co.,* 178 AD2d 157, 159).

The plaintiff then began the instant action in Westchester County, submitting a complaint essentially identical to the complaint in the New York County action. The defendant

moved to dismiss the complaint as barred by the doctrine of res judicata. Because the plaintiff had initially improperly served the defendant's counsel instead of the defendant, and later properly served the defendant, the defendant incorrectly attached the initial complaint to its motion, and referred to the date of that initial service. The plaintiff then sought leave to enter a default judgment, incorrectly arguing that there were two "separate and distinct" complaints in this action, when, in fact, both the properly-served and the improperly-served complaints differed only in the date. Understandably confused by the plaintiff's misrepresentations, the Supreme Court, Westchester County, by order entered October 21, 1992, dismissed one complaint and gave the defendants more time in which to respond to the other complaint. Upon motion of the defendant, the court granted reargument, and, by order entered January 25, 1993, modified the prior order, corrected the error, and dismissed the complaint on the ground of res judicata. The plaintiff then attempted to appeal directly to the Court of Appeals, alleging that only constitutional questions were involved. He also moved before the Supreme Court, Westchester County, to "modify and to renew or reague" the motions determined by the order entered January 25, 1993. Upon denial of those motions, he again attempted to appeal directly to the Court of Appeals, again alleging that only constitutional questions were involved. Finding no constitutional questions, the Court of Appeals, in two separate rulings, transferred the matter to this Court (*Murray v National Broadcasting Co.*, 82 NY2d 735; *Murray v National Broadcasting Co.*, 81 NY2d 1064).

Although the plaintiff's motions which were denied by the May 13, 1993, order were denominated as motions to "modify and to reargue or renew" the order entered January 25, 1993, the plaintiff offered no new facts and alleged no change of circumstances. As such, the motions were, in fact, merely for reargument, the denial of which is not appealable (*see, Michaelson v Scaduto*, 205 AD2d 507, 508; *Wodecki v Carty*, 167 AD2d 398).

The plaintiff's claim clearly arises from the same transaction and gravamen of wrong as that alleged in the District Court as well as the Supreme Court, New York County. Thus, the present action was properly dismissed as barred by the doctrine of res judicata (*see, Smith v Russell Sage Coll.*, 54 NY2d 185, 193). Furthermore, the plaintiff's arguments here are "completely without merit in law or fact and cannot be supported by a reasonable argument" (22 NYCRR 130-1.1 [c]

[1]). Thus, a hearing is required to determine what, if any, costs and/or sanctions, including attorneys' fees, should be imposed against the plaintiff *(see,* 22 NYCRR 130-1.1 [d]).

Given the plaintiff's refusal to discontinue this meritless action despite numerous prior determinations against him, we find that the defendant is entitled to an injunction against the plaintiff *(see, Sassower v Signorelli,* 99 AD2d 358).

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.