■ HwESU S. MURRAY, Appellant, v NATIONAL BROADCASTING Co., INC., Respondent. [629 NYS2d 802] —In an action, *inter alia*, for a judgment declaring that the plaintiff has certain "quasi-property" rights in the television show known as "The Cosby Show" and its spinoff "A Different World", the parties were directed to appear before this Court on May 3, 1995, to be heard upon the issue of the imposition of appropriate sanctions and costs, if any, pursuant to 22 NYCRR 130-1.1, against the plaintiff for his conduct in pursuing frivolous appeals from three orders of the Supreme Court, Westchester County (Gurahian, J.), entered October 21, 1992, January 25, 1993, and May 13, 1993, respectively (*see, Murray v National Broadcasting Co.*, 214 AD2d 708).

Upon the proceedings before this Court on May 3, 1995, at which the parties were given an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that Hwesu S. Murray is directed to pay $10,000 in costs to the defendant within 20 days after service upon him of a copy of this decision and order, with notice of entry, for his conduct in pursuing frivolous appeals from three orders of the Supreme Court, Westchester County (Gurahian, J.), entered October 21, 1992, January 25, 1993, and May 13, 1993, respectively.

A review of the record of the proceedings before this Court on May 3, 1995, confirms this Court's initial conclusion that the instant appeals were indeed "frivolous" as that term is defined by 22 NYCRR 130-1.1 (c).

The plaintiff began this protracted litigation against the defendant in 1985 in the United States District Court for the Southern District of New York, alleging he had a property interest in a television show known as "The Cosby Show" by virtue of a proposal of a program he made to the defendant.

The District Court granted summary judgment to the defendant, finding that the plaintiff's proposal was not sufficiently novel to create a property interest (*see, Murray v National Broadcasting Co.*, 671 F Supp 236, *affd* 844 F2d 988, *cert denied* 488 US 955).

Thereafter, the plaintiff commenced an action in the Supreme Court, New York County, based upon the same claim. The District Court enjoined the plaintiff, pursuant to 28 USC § 2283, from relitigating the same issues. The plaintiff then commenced a second action in Supreme Court, New York County, recouching his claim as a "quasi-property right". The Supreme Court, New York County, properly dismissed the complaint as barred by the doctrine of res judicata, and the Appellate Division affirmed that order (*see, Murray v National Broadcasting Co.*, 178 AD2d 157).

The plaintiff then began the instant action in the Supreme Court, Westchester County, based on the same facts, again claiming a "quasi-property" right in "The Cosby Show". Once again, the defendant sought to dismiss the complaint as barred by the doctrine of res judicata. Because the plaintiff had improperly served the defendant's counsel instead of the defendant, and later properly served the defendant, the defendant incorrectly attached the initial complaint to its motion. The plaintiff sought leave to enter a default judgment, incorrectly arguing that there were two "separate and distinct" complaints in this action. The Supreme Court dismissed one complaint and gave the defendant more time in which to respond to the other complaint. Upon motion of the defendant, the court granted reargument, and, by order entered January 25, 1993, modified the prior order, corrected the error, and dismissed the complaint on the ground of res judicata. The plaintiff then attempted to appeal directly to the Court of Appeals, claiming that only questions of the constitutionality of certain statutes was involved. The Court of Appeals found no constitutional questions were involved, and transferred the appeals to this Court.

On April 24, 1995, this Court dismissed the appeals from the orders entered October 21, 1992, and May 13, 1993, affirmed the order entered January 25, 1993, and remitted the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment in accordance therewith. This Court also ordered a hearing to be held on May 3, 1995, upon the issue of the imposition of appropriate sanctions and costs against the plaintiff pursuant to 22 NYCRR 130-1.1 (c) (*see, Murray v National Broadcasting Co.*, 214 AD2d 708, *supra*).

At the sanctions hearing, the plaintiff asserted that he had proceeded in the good-faith belief that he had a meritorious claim. However, he admitted that the complaint filed in New York County and the complaint filed in Westchester County were identical. The plaintiff conceded that he was admitted to the New York State Bar in July 1993, and that at the time he brought the instant action, he was a law school student, familiar with the concept of res judicata.

In order for sanctions to be imposed pursuant to 22 NYCRR 130-1.1 (c), the party's conduct must be deemed frivolous. Conduct is frivolous if:

(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law; or

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another.

Courts have found frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) where a party litigated the same issue over an extended period of time (*see, Jason v Chusid*, 78 NY2d 1099; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411; *Liker v Grossman*, 175 AD2d 911).

Here, the defendant has had to defend itself against the plaintiff in the Federal court system, then again in the Supreme Court, New York County, up through the Appellate Division. Finally, the defendant found itself defending essentially the same action in Westchester County.

The plaintiff's conduct in commencing the Westchester County action, and in appealing from the orders of that court, not only placed an unnecessary burden on the defendant in having to respond to it, but also constituted a misuse of judicial resources. Accordingly, we direct the plaintiff to pay $10,000 in costs to the defendant (*see, Brancoveanu v Brancoveanu*, 179 AD2d 614; *Strout Realty v Mechta*, 175 AD2d 201). Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.