◼ SALVATORE J. ROMEO, Appellant, v LUCY A. ROMEO, Respondent. [640 NYS2d 172]

The parties to this appeal were married in Virginia in 1964 and subsequently relocated to New York State. In 1968, the husband commenced an action for an annulment in the Nassau County Supreme Court, alleging that the parties' marriage was bigamous because the wife's divorce from her second husband was invalid. The wife denied the husband's assertion that her prior divorce had been invalid and counterclaimed for a judgment of separation. The husband thereafter voluntarily withdrew his complaint, and by a judgment entered March 21, 1969, the Supreme Court granted the wife's counterclaim for a separation and directed the husband to pay alimony in the sum of $85 per month. Although the 1969 judgment determined that the parties' marriage was lawful, the husband has repeatedly sought to vacate the judgment based upon continuing assertions that the marriage was bigamous. However, the husband's efforts to relitigate the issue of the validity of the marriage have been rejected by both this Court and the Virginia Supreme Court (see, Romeo v Romeo, 39 AD2d 559; 72 AD2d 808; Romeo v Romeo, 218 Va 290, 237 SE2d 143).

The husband now appeals from an order which granted the wife alimony arrears pursuant to the 1969 separation judgment, and, once again, he argues that the parties' marriage was bigamous. He further asserts that the Supreme Court erred in failing to hold a hearing to determine whether his alimony obligation should be terminated or modified, despite the fact that he never previously requested such relief. Contrary to the husband's contentions, the Supreme Court properly granted the wife a judgment for alimony arrears (see, Domestic Relations Law § 236 [A]; Romeo v Romeo, supra, 39 AD2d 559;

72 AD2d 808). Moreover, it would have been inappropriate for the Supreme Court to modify or terminate the husband's alimony obligation in the absence of an application for such relief (*see, Matter of Hermans v Hermans,* 74 NY2d 876, 878-879; *Woller v Woller,* 150 AD2d 588; *Adler v Adler,* 135 AD2d 597, 598).

In her brief, the wife requested the imposition of sanctions against the husband and his appellate counsel for their pursuit of a frivolous appeal, and at oral argument on February 16, 1996, the husband's counsel was afforded an opportunity to address this issue. After hearing from the husband's counsel and reviewing the record, we find that the husband's appellate brief, which raised before this Court for the third time a claim that the parties' marriage was bigamous, was patently without merit in either fact or law (*see, Jason v Chusid,* 78 NY2d 1099; *Murray v National Broadcasting Co.,* 217 AD2d 651). Accordingly, this appeal must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c), and, under the circumstances, we impose a sanction of $2,000 against the husband's counsel for his conduct in pursuing a frivolous appeal. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.