■ In the Matter of PING LEE, Appellant, v CITY OF NEW YORK, Respondent. [650 NYS2d 295] —In a proceeding, *inter alia,* to review a decision of the Supreme Court, Queens County (Le-

viss, J.), dated January 20, 1989, in a proceeding entitled *In Rem Tax Foreclosure Action No. 39* (Index No. 3000/86) which, *inter alia,* denied the petitioner's motion to vacate a default judgment entered therein, the appeal is from an order of the same court dated November 15, 1993, which denied the petition and granted the respondent's cross motion to dismiss the proceeding and enjoin the petitioner from commencing or continuing with any further litigation against it relating to the proceeding entitled *In Rem Tax Foreclosure Action No. 39* (Index No. 3000/86).

Ordered that the order is affirmed, with costs.

The petitioner is the owner of certain real property located in Long Island City, Queens. The respondent City of New York acquired title to that property in 1987 pursuant to a default judgment entered in an in rem tax foreclosure proceeding. The property was restored to the petitioner in 1992 upon his payment of back taxes. Nevertheless, the petitioner has instituted numerous actions and proceedings both in Queens and New York Counties, either to vacate or collaterally challenge the default judgment.

By the instant proceeding the petitioner seeks *inter alia,* to vacate a decision of the Supreme Court, Queens County, dated January 20, 1989, made in the in rem foreclosure proceeding which denied his motion to vacate the judgment of foreclosure. The respondent City cross-moved to dismiss the petition in its entirety and for an order enjoining the petitioner from commencing any further litigation against it concerning the 1987 in rem foreclosure of the petitioner's property. The court granted the cross motion and the petitioner appeals.

The Supreme Court acted properly in denying the instant petition which sought to collaterally attack a decision made in another proceeding. All of the petitioner's claims are either time-barred or precluded by his failure to file a timely notice of claim against the respondent City. Moreover, because all of the petitioner's claims arise from one incident and have been litigated at length, dismissal on the ground of res judicata was entirely proper *(see, Murray v National Broadcasting Co.,* 214 AD2d 708, 711).

Additionally, a decision as to whether to set aside a prior order rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion *(see,* CPLR 5015 [a]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831). Here, the record does not support a conclusion that the court improvidently exercised its discretion.

We are also satisfied that injunctive relief was warranted. Where, as here, a litigant repeatedly refuses to discontinue a meritless proceeding despite numerous prior determinations against him, injunctive relief against the threat of further litigation is justified *(see, Murray v National Broadcasting Co., supra).*

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.