*v Johnson,* 225 AD2d 593). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.

■ FRANCESCA ROSA et al., Respondents, v COLONIAL TRANSIT, INC., et al., Respondents, and RAY'S SCHOOL TRANS. CO., INC., et al., Appellants. [715 NYS2d 426] —In an action to recover damages for personal injuries, etc., the defendants Ray's School Trans. Co., Inc., Richard K. Wilkerson, and Sunny Side School Transportation Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated August 6, 1999, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the appellants' contention, the Supreme Court properly denied their motion for summary judgment. Although a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle (*see, Martin v Pullafico,* 272 AD2d 305; *Mundo v City of Yonkers,* 249 AD2d 522; *Migdol v Striker,* 215 AD2d 358), a triable issue of fact exists as to whether the driver of the stopped bus, the appellant Richard K. Wilkerson, contributed to the accident by making a sudden stop (*see, Gildersleeve v Leo,* 274 AD2d 547; *Maschka v Newman,* 262 AD2d 615; *Mundo v City of Yonkers, supra; Migdol v Striker, supra*). Furthermore, an award of summary judgment would be inappropriate in this case since Wilkerson has not appeared for court-ordered examinations before trial, thereby depriving the plaintiffs and codefendants of an opportunity to obtain evidence pertinent to the cause of the accident (*see,* CPLR 3212 [f]; *Hoxha v City of New York,* 265 AD2d 379; *Lantigua v Mallick,* 263 AD2d 467; *Campbell v City of New York,* 220 AD2d 476; *Soto v City of Long Beach,* 197 AD2d 615). Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.

■ SAMUEL D. ROSEN, Appellant, v JOSEPH POLGAR et al., Respondents. [715 NYS2d 155] —In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated July 9, 1999, which, *inter alia,* denied his motion for, among other things, leave to enter a judgment upon the defendants' alleged failure to appear or answer, and, *sua sponte,* dismissed the claim for punitive damages and transferred the action to the New York City Civil Court.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal from that part of the order made *sua sponte* is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for, among other things, leave to enter a judgment upon the defendants' alleged failure to appear or answer (*see,* CPLR 3215, 2005; *Matter of Dyno v Rose,* 260 AD2d 694, 698; *Epps v LaSalle Bus,* 271 AD2d 400; *Matter of Ping Lee v City of New York,* 233 AD2d 510). The Supreme Court also properly dismissed the plaintiff's claim to recover punitive damages (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Suffolk Sports Ctr. v Belli Constr. Corp.,* 212 AD2d 241).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.